1
2
3
4
5
6
7
8
9
UNITED STATES DISTRICT COURT

10
SOUTHERN DISTRICT OF CALIFORNIA

11

12  JODY ALIFF, individually and on behalf    Case No.:  3:20-cv-00697-DMS-AHG
    of all others similarly situated, et al.,
13                                            **ORDER GRANTING JOINT**
                                Plaintiffs,   **MOTION TO CONTINUE CERTAIN**
14                                            **CASE MANAGEMENT DEADLINES**
    v.
15                                            **[ECF No. 73]**
    VERVENT, INC., et al.,
16
                                Defendants.
17

18

19

20

21          Before the Court is the parties' joint motion to continue class certification dates. ECF

22  No. 73. The parties seek to continue the class discovery cutoff and class certification

23  motion filing deadline, originally set for May 11 and June 11, respectively. *Id.*

24          Parties seeking to modify the scheduling order must demonstrate good cause. FED.

25  R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's

26  consent"); ECF No. 65 at ¶ 20 (operative scheduling order, stating that "[t]he dates and

27  times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2

28

1

(stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

The deadline to class discovery cutoff in this matter is May 11, 2021. ECF No. 65 at ¶ 2. The deadline for Plaintiff to file her motion for class certification is June 11, 2021. *Id.* at ¶ 3. The parties have represented to the Court that they have been diligently pursuing discovery in this matter. ECF No. 73 at 2. Both parties have served interrogatories, requests for production of documents, and Rule 30(b)(6) deposition notices. ECF No. 73-1 at 2. However, multiple document productions have not been completed. *Id.* at 3. Thus, in order to complete the complex discovery, the parties request extensions of the class certification deadlines. *Id.* at 4.

The Court appreciates the parties' thorough motion and declaration, and finds good cause to continue certain deadlines. **However, no further requests for continuances of the case management schedule will be granted**. Accordingly, the parties' joint motion is **GRANTED** as follows:

1.     The Court **ORDERS** the parties to further meet and confer regarding the discovery referenced in the instant motion. *See* ECF Nos. 73, 73-1. The Court **SETS** a **telephonic**, **counsel-only** Discovery Conference for **May 26, 2021** at **3:30 p.m.** before the Honorable Allison H. Goddard. Counsel shall call the chambers teleconference line at 1-877-873-8018 and use 8367902 as the access code. Counsel should be prepared to discuss the status of the case, status of meaningful meet and confer discussions regarding

discovery, and the status of the document production and depositions outlined in the instant joint motion (ECF Nos. 73, 73-1).

2.      Fact and class discovery are not bifurcated, but class discovery must be completed by **June 30, 2021**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

3.      Plaintiff(s) must file a motion for class certification by **July 30, 2021.**[1]

4.      No further extensions will be granted.

5.      All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 65 at ¶¶ 1, 4–22) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated:  May 6, 2021

_____

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Should Plaintiffs not file a class certification motion, they must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **August 4, 2021**.