UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY ALIFF, MARIE SMITH, HEATHER TURREY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERVENT, INC. fka FIRST ASSOCIATES LOAN SERVICING, LLC; ACTIVATE FINANCIAL, LLC; DAVID JOHNSON; CHRISTOPHER SHULER; LAWRENCE CHIAVARO; DEUTSCHE BANK TRUST COMPANY AMERICAS,<br><br>Defendants. | Case No.: 20-cv-00697-DMS (AHG)<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL** |

This matter comes before the Court on Defendants Vervent, Inc., Activate Financial, LLC, David Johnson, Christopher Shuler, and Lawrence Chiavaro's ("the Vervent Defendants") motion to stay proceedings pending appeal. Plaintiffs filed a response in opposition and the Vervent Defendants filed a reply. For the reasons discussed below, the Court denies the motion.

/ / /

/ / /

# I.
# BACKGROUND

The factual background to this case is set forth in the Court's September 24, 2020 order. (ECF No. 43.) In that order, the Court denied the motion to compel arbitration filed by the Vervent Defendants, granted the motion to compel arbitration filed by Defendant Deutsche Bank Trust Company Americas ("DBTCA"), and stayed the litigation pending arbitration of Plaintiffs' claims against DBTCA. (*Id.*) On October 23, 2020, the Vervent Defendants appealed the denial of their motion to compel arbitration, which appeal is currently pending before the Ninth Circuit. (*See* ECF No. 45.) On November 9, 2020, Plaintiffs dismissed DBTCA as defendants and requested a lift of the stay pending arbitration. (ECF Nos. 51, 52.) The Court lifted that stay on November 21, 2020. (ECF No. 55.) The Vervent Defendants now move to stay proceedings pending their appeal. (ECF No. 68.)

# II.
# DISCUSSION

Courts consider four factors ("the *Nken* factors") when deciding to issue a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (internal quotation marks omitted). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434.

With respect to the first *Nken* factor, the Court has already considered, and rejected, most of the Vervent Defendants' arguments in its order denying their motion to compel arbitration. Simply restating them here does not show the Vervent Defendants are likely to succeed on the merits of this dispute. Although the Vervent Defendants raise several new

arguments which they contend indicate a likelihood of success on the merits, these arguments are unpersuasive.

First, regarding agency theory, Defendants make much out of Plaintiffs' statement in Plaintiffs' opposition that "Vervent agreed to play the role of loan servicer." (Pls.' Opp'n 2.) The Court does not find this to be a concession that an agency relationship legally existed between Vervent and DBTCA, but merely a characterization of Vervent's role in the context of the scheme alleged in Plaintiff's Complaint.

Second, the Vervent Defendants cite the Ninth Circuit's recent decision in *Shivkov v. Artex Risk Solutions, Inc.*, arguing a non-signatory may compel arbitration under an equitable estoppel theory where a plaintiff's claims "arise out of and relate directly to the written agreement." 974 F.3d 1051, 1070 (9th Cir. 2020). The Vervent Defendants attempt to cast this language as a more recent formulation of the equitable estoppel test which is "at odds with" this Court's prior decision. (Vervent Defs.' Mot. 10; Vervent Defs.' Reply 5.) But as Plaintiffs point out, *Shivkov* applied Arizona law. *See* 974 F.3d at 1070 (citing Arizona case law). Under the Federal Arbitration Act, a non-signatory may invoke arbitration "if the *relevant state contract law* allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (emphasis added). Here, the Court previously found California law applied to the loan agreements at issue and applied California law pursuant to Ninth Circuit precedent as set forth in *Kramer* and other cases. The Vervent Defendants do not contend that Arizona law governs the agreements here and thus *Shivkov* does not increase their likelihood of success on appeal.

The Court remains unpersuaded that Plaintiffs' claims rely on the loan agreements to such a degree that permits the Vervent Defendants to compel arbitration under a theory of equitable estoppel. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1230–31 & n.7 (9th Cir. 2013); *Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847–48 (9th Cir. 2013) (holding defendant could not compel arbitration based on equitable estoppel where plaintiff had "statutory claims that are separate from the [ ] contract itself"). The first *Nken* factor accordingly weighs against a stay.

The second factor asks whether the Vervent Defendants will be irreparably injured absent a stay. The Vervent Defendants argue they are being irreparably harmed by having to engage in discovery broader than that which would be available in arbitration. First, they contend they are being harmed by having to provide class-wide discovery, relying on *Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 WL 7755931 (S.D. Cal. Oct. 3, 2019). In *Delisle*, the defendants argued that the harm to them was "acute" because further proceedings would require them to litigate class certification and engage in class-wide discovery. *Id.* at *4. There, unlike here, the plaintiff did not contest the defendants' irreparable harm arguments. *Id.* The court found given the procedural posture of the case, the harm was "clear" because no discovery schedule had been created. *Id.* By contrast, in this case, discovery is proceeding in accordance with the Magistrate Judge's scheduling orders, and class discovery is set to be completed by June 30, 2021. (ECF Nos. 65, 74.) The Court noted in its November 21, 2020 order lifting the stay pending arbitration that the Vervent Defendants could move for a stay pending appeal, but the Vervent Defendants did not file the present motion until March 30, 2021. The Court finds the Vervent Defendants have not met their burden to establish that engaging in class-wide discovery constitutes irreparable harm.

Next, the Vervent Defendants argue that participating in depositions while their appeal is pending constitutes irreparable harm because depositions are unlikely to be permitted if the Ninth Circuit compels arbitration. However, the cases they rely upon address harm in the context of whether arbitration had been waived, not whether to grant a stay pending appeal. *See Morgan Stanley & Co. LLC v. Couch*, 659 F. App'x 402, 406 (9th Cir. 2016) (affirming district court's finding of prejudice in the context of waiver of arbitration agreement); *Simmons v. Morgan Stanley Smith Barney, LLC*, 872 F. Supp. 2d 1002, 1010 (S.D. Cal. 2012) (court may consider "taking advantage of judicial discovery procedures not available in arbitration" as factor when determining whether arbitration has been waived). On a motion to stay proceedings pending appeal, as here, "nearly all courts 'have concluded that incurring litigation expenses does not amount to an irreparable

harm.'" *Mohamed v. Uber Techs., et al.*, 115 F. Supp. 3d 1024, 1032–33 (N.D. Cal. 2015) (quoting *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221 at *4 (N.D. Cal. June 8, 2011)); *see Am. Trucking & Transportation Ins. Co. v. Nelson*, No. CV 16-160-M-DLC, 2018 WL 3609538, at *4 (D. Mont. July 27, 2018) ("The expense of litigation does not generally constitute irreparable harm.") (citing *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 (1974)); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 2745231, at *6 (S.D. Cal. May 27, 2020) ("Monetary injury alone 'is not normally considered irreparable.'") (quoting *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019)). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted). Although the Vervent Defendants contend that without a stay they will have to incur thousands of dollars in legal fees, this is insufficient to demonstrate irreparable harm. The second *Nken* factor thus weighs against granting a stay.

Since the Vervent Defendants have not satisfied the first two factors, the Court need not reach the remaining factors. *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) ("The last two [factors] are reached only if the first two are satisfied.") (citing *Nken*, 556 U.S. at 535).

### III.
### CONCLUSION AND ORDER

For the reasons set out above, the Vervent Defendants' motion to stay proceedings pending appeal is denied.

**IT IS SO ORDERED**.

Dated: May 27, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court