BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

Attorneys for Plaintiffs

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VERVENT, INC., etc., et al., <br><br> Defendants. | Case No. 3:20-cv-00697-DMS-AHG <br> **CLASS ACTION** <br> **PLAINTIFFS' MOTION IN LIMINE NO. 1 OF 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING ATTORNEY FEES, ENHANCED DAMAGES AND INTEREST** <br> **DATE:** June 2, 2023 <br> **TIME:** 1:30 p.m. <br> District Judge Dana M. Sabraw <br> Courtroom 13A, 13th Fl. (Carter-Keep) <br> Magistrate Judge Allison H. Goddard <br> Chambers Room 3B, (Schwartz) <br> Complaint Filed: April 10, 2020 <br> Trial Date: June 8, 2023 <br> **JURY TRIAL DEMANDED** |

00201251

Case No. 3:20-cv-00697-DMS-AHG
PLTFS' MOTION IN LIMINE NO. 1 OF 5 TO EXCLUDE EVIDENCE RE: ATTORNEYS' FEES, TREBLE DAMAGES, AND INTEREST

Plaintiffs Heather Turrey, Oliver Fiaty, Jeffrey Sazon and Jordan Hernandez move to exclude any testimony, evidence, questions, commentary, references, statements, and arguments regarding treble damages or statutory right to attorney's fees under RICO.

## I. INTRODUCTION

This motion in limine is based on Federal Rules of Evidence 401, 402 and 403 and made upon the grounds that evidence or remarks regarding treble damages or attorney's fees under RICO are irrelevant for the jury. As the fact finder, the jury will decide whether Plaintiffs have proven all elements of RICO. If the jury finds that Plaintiffs have satisfied their burden, treble damages and attorneys' fees are mandatory and, therefore, decided by the Court. Allowing Defendants to present to the jury evidence and argument on these issues will only prejudice Plaintiffs and the Class.

## II. ARGUMENT

The jury will determine if Defendants Vervent, Inc., First Associates, David Johnson, and Laurence Chiavaro knowingly agreed to facilitate, or were willfully blind in facilitating, an improper student loan program scheme, PEAKS. Statements or evidence regarding RICO treble damages or attorneys' fees are not relevant to this determination. Moreover, any possible probative value is substantially outweighed by its prejudicial affect.

The jury will determine whether Defendants are liable under RICO, 18 U.S.C. § 1962(d). That is, it will decide whether Defendants "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *U.S. v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005) (internal quotations omitted). Should the jury find in the affirmative, RICO provides for mandatory treble damages, plus attorney's fees and costs. *See Rancheria v. Howard*, No. 2:20-CV-2109-JAM-DMC-P, 2022 U.S. Dist. LEXIS 2493, at *11

00201251

1  Case No. 3:20-cv-00697-DMS-AHG
PLTFS' MOTION IN LIMINE NO. 1 OF 5 TO EXCLUDE EVIDENCE RE: ATTORNEYS' FEES, TREBLE DAMAGES, AND INTEREST

Blood Hurst & O' Reardon, LLP

(E.D. Cal. Jan. 5, 2022); and *Ally Bank v. Karakasevic*, No. 11-cv-00896-YGR (MEJ), 2015 U.S. Dist. LEXIS 193875, at *37 (N.D. Cal. Oct. 16, 2015). Treble damages and attorneys' fees are a matter of law for the Court, and thus "'irrelevant to the jury questions of liability and damages." *Negrete v. Allianz Life Ins. Co.*, No. CV 05-6838 CAS (MANx), 2013 U.S. Dist. LEXIS 176313, at *6 (C.D. Cal. Dec. 9, 2013) (quoting *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2nd Cir. 1994)).

Courts routinely exclude argument or reference to treble damages or attorneys' fees under RICO as irrelevant and tending to confuse or prejudice the jury. *See*, *e.g.*, *Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369 JCM (GWF), 2013 U.S. Dist. LEXIS 76924, at *17–18 (D. Nev. May 30, 2013) (granting plaintiffs' motion in limine to preclude any reference to the jury that plaintiffs would be entitled to treble damages under RICO, and holding, "[w]hether plaintiffs are entitled to treble damages is not relevant to the jury's responsibility as the finder of fact to determine whether plaintiffs have met their burden to establish the elements of a RICO claim"); *Negrete*, 2013 U.S. Dist. LEXIS 176313, at *6–7 (granting plaintiffs' motion in limine to preclude references to RICO treble damages and attorneys' fees); *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1300 (7th Cir. 1987) (treble damages); *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 92 C 5508, 1999 U.S. Dist. LEXIS 11381 (N.D. Ill. July 21, 1999) (treble damages and attorneys' fees); *accord U.S. ex rel. Kiro v. Jiaherb, Inc.*, No. CV 14-2484-RSWL-PLAx, 2019 U.S. Dist. LEXIS 111680, at *3–4 (C.D. Cal. July 3, 2019) (precluding evidence regarding treble damages because it was "the role of the jury … to determine whether Defendant violated the [statute at issue]").

Informing the jury that if Plaintiffs and the Class prevail on liability they are entitled to recover more than actual damages under RICO (*i.e.*, treble damages) and attorneys' fees, needlessly involves the jury in the Court's role of awarding treble damages and attorneys' fees. Any reference to treble damages or attorneys' fees

BLOOD HURST & O'REARDON, LLP

00201251

2   Case No. 3:20-cv-00697-DMS-AHG
PLTFS' MOTION IN LIMINE NO. 1 OF 5 TO EXCLUDE EVIDENCE RE: ATTORNEYS' FEES, TREBLE DAMAGES, AND INTEREST

would confuse the relevant issues and therefore mislead the jury, and also needlessly risks prejudicing Plaintiffs and the Class.

Accordingly, this evidence should be excluded.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting this motion in limine and excluding all evidence, testimony, and argument regarding treble damages under RICO and attorneys' fees.

Respectfully submitted,

Dated: May 19, 2023

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)

By:      *s/ Timothy G. Blood*
         TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

LAW OFFICE OF PAUL ARONS
PAUL ARONS (CA #84970)
175 Gretchen Way
Friday Harbor, WA 98250
Tel: 360/378-6496
360/359-7170 (fax)
lopa@rockisland.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I electronically filed the foregoing Reply with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 19, 2023.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com