BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

Attorneys for Plaintiffs

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, et al., | Case No. 3:20-cv-00697-DMS-AHG |
| Plaintiffs, | **CLASS ACTION** |
| v. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)** |
| VERVENT, INC., etc., et al., | |
| Defendants. | **Date:** **August 18, 2023** <br> **Time:** **1:30 p.m.** |
| | District Judge Dana M. Sabraw <br> Courtroom 13A, 13th Fl. (Carter-Keep) <br> Magistrate Judge Allison H. Goddard <br> Chambers Room 3B, (Schwartz) |
| | Complaint Filed: April 10, 2020 |
| | **JURY TRIAL DEMANDED** |

*BLOOD HURST & O' REARDON, LLP*

00204420

## I.   INTRODUCTION

Plaintiffs move pursuant to Fed. R. Civ. P. 59(e) to conform the jury verdict with the law as to damages under the civil RICO conspiracy claim. Plaintiffs brought a claim for damages suffered by Plaintiffs and class members for payments made during the class period on loan products that were generated to defraud the federal government, investors, and students. The jury found Defendants Vervent, Inc., Activate Financial LLC, and David Johnson liable under RICO's conspiracy provision and that Defendants' conduct caused Plaintiffs' and class members' economic injuries. The parties stipulated that in the class period, class members made $51,509,051.00 in PEAKS payments. ECF 238, ¶ 99. Although Defendants vigorously disputed liability and causation, they did not dispute the totals paid by class members nor introduce any admissible evidence to support a lesser amount of damages.

Despite the stipulated fact that the class had paid $51,509,051 to Defendants during the class period, and the lack of any evidence of damages to the contrary, the jury awarded $4,000,000 to the class. To reach this conclusion, the jury contravened the Court's proper instructions that Defendants were liable for all damages caused by the PEAKS conspiracy. *See* ECF 304 at 35 (Jury Instruction No. 20). The jury's decision to set aside the law and the facts by providing $4 million in damages is a manifest error, and the Court should amend the judgment to reflect the legally correct measure of damages.

This motion is made prior to entry of judgment so the correct judgment amount can be entered without unnecessary delay.

## II.   ARGUMENT

A district court may grant a Rule 59(e) motion when it is "necessary to correct *manifest errors of law or fact upon which the judgment is based*." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis in

BLOOD HURST & O' REARDON, LLP

00204420

PLAINTIFFS' MEMO. IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

original); *see also In re First All. Mortgage Co.*, 471 F.3d 977, 1001-02 (9th Cir. 2006) (recognizing legal error of jury verdict as to damages made in contravention of the jury instructions and admissible evidence); *Bennion & Deville Fine Homes, Inc. v. Windermere Real Estate Servs. Co.*, No. ED CV 15-01921-DFM, 2019 U.S. Dist. LEXIS 247102, at *15 (C.D. Cal. Jan. 15, 2019) (finding "a manifest error of law for the jury to split the amounts in half when calculating damages to be imposed" against joint and several tortfeasors).

Federal courts are permitted to adjust the amount of damages awarded by the jury upward where the jury has properly determined liability and there is no valid dispute as to the amount of damages a party is entitled to as a matter of law. "In such a case the court is in effect simply granting summary judgment on the question of damages." *Decato v. Travelers Ins. Co.*, 379 F.2d 796, 798-99 (1st Cir. 1967). The principle that a court should increase a jury's damages award where liability has been determined and the amount of damages is not in dispute "is firmly recognized across the circuits." *Roman v. W. Mfg.*, 691 F.3d 686, 702 (5th Cir. 2012); *accord Liriano v. Hobart Corp.*, 170 F.3d 264, 273 (2d Cir. 1999) (increase of jury award permitted "to account for a discrete item that manifestly should have been part of the damage calculations and as to whose amount there was no dispute"); *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1252-53 (11th Cir. 1997) (remanded to trial court with instruction to increase jury award where "where the jury has found the underlying liability and there is no genuine issue as to the correct amount of damages"); *see also Al-Kindi v. Edwards Bros., Inc.*, No. CV03-459-E-LMB, 2005 U.S. Dist. LEXIS, at *31 (D. Idaho Sept. 16, 2005) ("[W]here the amount of damages is not disputed, the Ninth Circuit would permit additur."); *Yujin Robot Co., Ltd. v. Synet Elecs. Inc.*, No. CV1406237SJOASX, 2017 WL 11569377, at *2 (C.D. Cal. Sept. 6, 2017) (adjusting contract damages where "award was in error and insufficient as a matter of law"); *Accu-Spec Elec. Servs. v. Cent. Transp. Int'l*, Civil Action No.

BLOOD HURST & O' REARDON, LLP

PLAINTIFFS' MEMO. IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

03-394 Erie, 2006 WL 995735, at *3 (W.D. Pa. Apr. 13, 2006) ("In sum, we find the undisputed evidence at trial, the concessions by counsel for the defendants, and the explicit findings of the jury support an upwards adjustment of the damage award…").

Here, the jury found that Defendants Vervent, Activate Financial, and David Johnson were liable for conspiring to violate 18 U.S.C. § 1962(d) through their facilitation of the PEAKS Loan Program, which the jury found was a RICO enterprise that operated through a pattern of fraud. The jury also found that the conspiracy caused economic injury to Plaintiffs and class members. ECF 300 (Verdict Form), Questions 1 and 2.

The jury was properly instructed that "one who willfully joins an existing conspiracy is as responsible for it as the originators," ECF 304 at 24, that "[t]he damages Plaintiffs and class members may recover are those caused by the predicate acts committed by members of the conspiracy," *id.* at 35, and that "[if] you conclude that a Defendant joined in a conspiracy to violate RICO, the Defendant is responsible for all damages caused by predicate acts committed by members of the conspiracy that caused injury to Plaintiffs and class members," *Id.* at 35.

Instruction 21 explained that "[t]he economic harm that Plaintiffs seek to recover is [the] amount paid on PEAKS loans during the period starting April 10, 2016 to September 2020." *Id.* at 36. As the Court noted in Instruction 20, "[t]he parties have stipulated that the class members paid Defendants $51,509,051 during" the relevant time period. *Id.* at 35. The instructions also included a sentence that is legally incorrect and which the jury may have found confusing: "In deciding this amount, you will consider only the Plaintiffs' economic loss, if any, ***caused by Defendants***." ECF 304 at 36 (emphasis added). The instruction should have read "caused by any member of the conspiracy."

BLOOD HURST & O' REARDON, LLP

1  The jury found that Defendants engaged in a RICO conspiracy and that the

2  RICO conspiracy caused Plaintiffs and class members economic injury. The only

3  evidence of the amount of that economic injury caused by the conspiracy is

4  $51,509,051. The amount of injury caused by Defendants alone or the amount of

5  money made by Defendants is irrelevant.[1] "Holding RICO conspirators jointly and

6  severally liable for the acts of their co-conspirators reflects the notion that the damage

7  wrought by the conspiracy is not to be judged by dismembering it and viewing its

8  separate parts, but only by looking at it as a whole." *Oki Semiconductor Co. v. Wells*

9  *Fargo Bank*, 298 F.3d 768, 775 (9th Cir. 2002); *see also Salinas v. United States*, 522

10  U.S. 52, 64, 118 S. Ct. 469, 477, 139 L. Ed. 2d 352 (1997) ("[S]o long as they share

11  a common purpose, conspirators are liable for the acts of their co-conspirators."). The

12  benefit gained by a conspirator in participating in a conspiracy is not the legal measure

13  of damages under conspiracy law and it would be manifest error for a jury to find so.

14  Instead, the amount paid by Class Members as a result of the PEAKS fraudulent

15  enterprise is the only amount properly awarded once RICO liability and causation

16  have been determined. That amount was the stipulated amount of $51,509,051. To

17  put this in perspective, owing to the cancelation of the PEAKS loan program on the

18  basis of fraud through the bankruptcy settlement, the class members who paid on these

19  fraudulent loans have been left in an objectively worse position than borrowers who

20

---

21  [1]     The only testimony about a dollar amount that is close to $4 million is otherwise
22  irrelevant testimony Defense counsel elicited from Mr. Palmerton that the amount of
23  revenue earned by Defendants from the PEAKS program during the class period was
   $3.5 million. Trial Tr., 825:11-13. Defendants doubled down on this irrelevant figure
24  at closing, mentioning the $3.5 million figure and improperly stating defendants did
25  not have $51 million: "When Mr. Palmerton was up there he testified about how
   during the class period we made less than $3.5 million, First Associates did, on -- in
26  the servicing fees during that part. And Plaintiffs are seeking $51 million that First
27  Associates doesn't have. And it represents something that would be completely unfair
   in this context, because when you take out a loan you know you have to pay it back."
28  Trial Tr., 1358:9-15.

00204420

never made any payments at all. The aggregate sum that class members paid to the PEAKS enterprise is the proper measure of the concrete financial loss proximately caused by the conspirators and is the only legally appropriate measure of damages here.

Prior to trial Defendants stated their agreement with this measure of damages, conceding that they were not challenging the measure of damages under RICO, only causation and liability. They did so in the context of noting that the setoff argument that they were raising under UCL claim was not applicable to RICO:

> Well, with the other claims, I don't think they have any claim for damages at all because the damages have to stem from conduct. And RICO is sort of its own thing because, I understand the theory, although I don't agree with it, that RICO, everything is poisonous fruit, all of that sort of stuff. Fine. Actually it has to stem from our conduct, and we will show at trial that we were not involved in any RICO enterprise.

ECF 194 (Hearing of May 12, 2023) at 36:23-37:5. There is therefore no valid dispute as to damages, as Defendants conceded any arguments as to damages under RICO and Defendants failed to introduce admissible evidence that a jury might have considered to support another measure of damages.

The jury's award of damages other than the stipulated amount paid as a result of the PEAKS enterprise is manifest error that could only arise from disregarding the jury instructions and engaging in "speculation, guesswork or conjecture" rather than upon the evidence. The Court should therefore amend the judgment as to damages to conform the verdict to the undisputed evidence presented regarding damages pursuant to its powers under Rule 59(e) to correct manifest errors and render damages as a matter of law.

BLOOD HURST & O' REARDON, LLP

5

Case No. 3:20-cv-00697-DMS-AHG

III.    **CONCLUSION**

Wherefore, Plaintiffs respectfully request the Court to grant the foregoing motion by amending the judgment as to damages and award Plaintiffs and class members $51,509,051 in damages, prior to mandatory trebling.

Respectfully submitted,

Dated: July 17, 2023

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)

By:     *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

LAW OFFICE OF PAUL ARONS
PAUL ARONS (CA #84970)
175 Gretchen Way
Friday Harbor, WA 98250
Tel: 360/378-6496
360/359-7170 (fax)
lopa@rockisland.com

*Attorneys for Plaintiffs*

Case No. 3:20-cv-00697-DMS-AHG

PLAINTIFFS' MEMO. IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO FRCP 59(e)

BLOOD HURST & O' REARDON, LLP

00204420

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on July 17, 2023, I electronically filed the foregoing with

3 the Clerk of the Court using the CM/ECF system which will send notification of such

4 filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby

5 certify that I have mailed the foregoing document or paper via the United States Postal

6 Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

7        I certify under penalty of perjury that the foregoing is true and correct. Executed

8 on July 17, 2023.

9

10                                                        *s/ Timothy G. Blood*
                                                  TIMOTHY G. BLOOD

11                                        BLOOD HURST & O'REARDON, LLP
12                                        501 West Broadway, Suite 1490
                                          San Diego, CA 92101
13                                        Tel: 619/338-1100
                                          619/338-1101 (fax)
14                                        tblood@bholaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:20-cv-00697-DMS-AHG

PLAINTIFFS' MEMO. IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO FRCP 59(e)

00204420

BLOOD HURST & O' REARDON, LLP