UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HEATHER TURREY, et al., | Case No.: 20-cv-00697-DMS-AHG |
|---|---|
| Plaintiffs, | |
| v. | **ORDER (1) DENYING PLAINTIFFS' MOTION TO AMEND THE SECOND AMENDED COMPLAINT; (2) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; AND (3) DISMISSING PLAINTIFFS' UCL CLAIM** |
| VERVENT, INC., et al., | |
| Defendants. | |

Presently before the Court, following a two week class action jury trial, is Plaintiffs' request for equitable relief under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"). Because the UCL provides for equitable relief only, Plaintiffs were not entitled to trial by jury on that claim and the parties agreed the claim would be tried to the Court following the jury trial. The parties also agreed that no additional evidence would be necessary on the UCL claim and the Court could rule on the claim based upon the same evidence that was presented at the jury trial. Accordingly, the UCL claim was scheduled for bench trial following the jury trial, and the parties submitted additional briefing on the claim in light of the evidence presented to the jury. Plaintiffs also moved to amend their Second Amended Complaint ("SAC") under Fed. R. Civ. P. 15(b)(2) to allege restitution under the UCL in the amount of $51,509,051 on behalf of a

nationwide class. Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c) and seek dismissal of the UCL claim principally on grounds that Plaintiffs had an adequate remedy at law on the claims tried to the jury, thus divesting this Court of equitable jurisdiction over the UCL claim. These matters have been fully briefed and argued. For the reasons stated below, the Court denies leave to amend, grants Defendants' judgment on the pleadings, and dismisses without prejudice Plaintiffs' UCL claim for lack of equitable jurisdiction.

## I.

## BACKGROUND AND FACTS

The full factual background of this case is summarized in prior orders, (*see* ECF Nos. 128, 140, 151), and need not be repeated. It is necessary, though, to detail the procedural history.

Plaintiffs filed this class action lawsuit on April 10, 2020. (*See* ECF No. 1.) In January 2023, the Court certified five claims for class treatment: Racketeer Influenced and Corrupt Organizations Act ("RICO"), Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), UCL, and negligent misrepresentation. (ECF No. 151.) Numerous motions have been filed over the course of the litigation, including among others, motions to dismiss, for class certification (and decertification) and summary judgment, and for judgment as a matter of law following trial by jury. Throughout the litigation, the parties and the Court agreed the equitable UCL claim would be tried to the Court after the jury trial concluded. (*See, e.g.*, Pretrial Order, ECF No. 230 at 15.)

The jury heard evidence and argument on the RICO, FDCPA, RFDCPA, and negligent misrepresentation claims. Before submitting the case to the jury, the Court decertified the FDCPA, RFDCPA, and negligent misrepresentation claims. Thus, only the RICO claim went to the jury. On June 22, 2023, the jury returned a verdict in favor of Plaintiffs and against Defendants Vervent, Inc., Activate Financial LLC, and David Johnson, and awarded compensatory damages in the amount of $4 million dollars, which

was trebled under RICO for a total recovery of $12 million dollars. (ECF No. 300.) The jury returned a defense verdict in favor of Defendant Laurence Chiavaro only. (*Id.*) On July 17, 2023, Plaintiffs filed a motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e), (ECF No. 313),[1] and Defendants subsequently filed an ex parte motion to strike Plaintiffs' motion to alter the judgment. (ECF No. 319.) The Court denied Defendants' ex parte motion to strike. The next day, on July 25, 2023, Plaintiffs filed the subject motion to amend the SAC pursuant to Rule 15(b)(2). (ECF No. 322.) In light of these motions, the parties agreed the Court should first address Plaintiffs' motion to amend.

Defendants now move for judgment on the pleadings and dismissal of the UCL claim pursuant to Rules 12(c), 12(h)(2), and 50(a) principally on grounds that the Court lacks equitable jurisdiction because Plaintiffs had (and actually received) an adequate legal remedy under RICO. The Court elects to address Plaintiffs' motion to amend in tandem with Defendants' motion under Rule 12(c), and agrees with Defendants that the equitable UCL claim is barred and therefore any amendment to the SAC would be futile.

## II.
## LEGAL STANDARD

### A. Leave to Amend

A party may move, at any time, to amend the pleadings to conform to the evidence and to raise an unpleaded issue. Fed. R. Civ. P. 15(b)(2). "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." *Id.* "[T]he purpose of pleading amendments under . . . Federal Rule 15(b) is to align the pleadings to conform to issues actually tried." *Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983) (internal quotation marks omitted). But "[w]here evidence alleged to have shown implied consent was also relevant to the other issues at trial, it cannot be used to imply consent to

---

[1] All references are to the Federal Rules of Civil Procedure unless otherwise specified.

try the unpleaded issue." *In re Acequia, Inc.*, 34 F.3d 800, 814 (9th Cir. 1994) (citations and quotations omitted).

When determining whether to grant leave to amend, courts generally consider "undue delay, bad faith or dilatory motive on the part of the movant," undue prejudice to the non-moving party, "futility of amendment," and "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002) (applying *Foman* factors in review of district court denial for leave to amend under Rule 15(b)(2)).

**B. Judgment on the Pleadings**

A party may file a motion for judgment on the pleadings after that party files an answer. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) is functionally identical to a Rule 12(b)(6) motion and "the same standard of review applies to motions brought under either rule." *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quotation omitted). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

### III.
### DISCUSSION

As noted, Plaintiffs move to amend their UCL claim to allege restitution in the amount of $51,509,051 on behalf of a nationwide class. "A motion to amend pursuant to Rule 15(b)(2) may properly be denied, however, when amendment would be futile." *Sparta Com. Servs., Inc. v. DZ Bank*, 680 F. App'x 17, 19 (2d Cir. 2017); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (stating "[a] district court does not err in denying leave to amend where the amendment would be futile.") A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds rec'd*

*by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding proposed amended complaint futile if it would be immediately subject to dismissal).

Although "[e]quitable jurisdiction is distinct from subject matter jurisdiction … both are required for a federal court to hear the merits of an equitable claim." *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022). "Where monetary damages provide an adequate remedy, a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief." *Hall v. Marriott Int'l, Inc.*, --- F.R.D. ---, No. 19CV1715-JO-AHG, 2023 WL 4417265, at *5 (S.D. Cal. Mar. 30, 2023) (citing *Sonner v. Premier Nutruition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020)). Because the "UCL provides only for equitable remedies," *Guzman*, 49 F.4th at 1313, these remedies are not available when a plaintiff has an adequate legal remedy. *Id.* at 1312 (stating "[w]e held that under this federal inadequate-remedy-at-law principle, if the plaintiffs had an adequate legal remedy under the CLRA, they could not also maintain equitable claims under the UCL and CLRA in federal court.") (citing *Sonner*, 971 F.3d at 844). Thus, "Plaintiffs bear the burden to establish they lack an adequate damages remedy before they can obtain equitable relief." *Hall*, 2023 WL 4417265, at *5.

Here, Plaintiffs' desire to amend the SAC is doomed by Ninth Circuit law. In *Sonner*, the Ninth Circuit held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL] and Consumer Legal Remedies Act ("CLRA")[, Cal. Civ. Code § 17500, et seq.]," including "the principle precluding courts from awarding equitable relief when an adequate legal remedy exists." 971 F.3d at 837, 842. The plaintiff in *Sonner* brought claims for equitable relief under the UCL and CLRA and for damages under the CLRA, but later strategically dismissed her CLRA damages claim to avoid a jury trial. *Id.* at 837–38. The trial court thereafter granted defendant's motion to dismiss the remaining equitable claims on grounds that the plaintiff had an adequate legal remedy which precluded equitable restitution. *Id.* The Ninth Circuit agreed, and affirmed the district court's dismissal of the plaintiff's equitable UCL and CLRA claims. *Id.* at 845 (holding that since the plaintiff had an

adequate legal remedy under the CLRA, she could not also maintain equitable claims under the UCL and CLRA in federal court).

Similarly, in *Guzman*, the Ninth Circuit affirmed dismissal of an equitable UCL claim because the plaintiff had an adequate legal remedy under the CLRA, even though the "CLRA claim for damages had been dismissed as time-barred." 49 F.4th at 1311. The trial court explained that "a plaintiff's failure to timely comply with the requirements to obtain a remedy at law does not make the remedy inadequate, so as to require the district court to exercise its equitable jurisdiction." *Id.* (citing *United States v. Elias*, 721 F.2d 870, 874–75 (9th Cir. 1990)). *Guzman* stated definitively:

> Reading *Sonner* and *Elias* together, we conclude that [the plaintiff] had an adequate remedy at law through his CLRA claim for damages, even though he could no longer pursue it, and that the district court was therefore required to dismiss his equitable UCL claim.

*Id.* at 1312. So it is here.

Notably silent from Plaintiffs' briefing is any appreciable discussion of *Sonner* and *Guzman*. Read together, *Sonner* and *Guzman* foreclose Plaintiffs' right to recover under the UCL because Plaintiffs had an adequate legal remedy (damages) under RICO.[2] Plaintiffs ignore that they *had* a legal remedy under RICO, *i.e.*, the potential to recovery more than $51 million in damages, and instead argue that the *amount* awarded by the jury rendered the remedy inadequate. Specifically, Plaintiffs argue the damages they received are inadequate because the jury effectively awarded only disgorgement of Defendants'

---

[2] Plaintiffs also had adequate legal remedies (damages) under their FDCPA, RFDCPA and negligent misrepresentation claims. Though those claims were decertified by the Court for class treatment and Plaintiffs subsequently dismissed their individual damages claims under those statutes and that common law theory, Plaintiffs are precluded from pursuing equitable relief under the UCL because they had available adequate legal remedies even though they elected to dismiss them at trial. *See Sonner*, 971 F.3d at 845 (affirming dismissal of the plaintiff's equitable claims under the UCL and CLRA after she voluntarily dismissed her CLRA damages claim on the eve of trial). *See also Guzman,* 49 F.4th at 1312 (stating "if the plaintiffs had an adequate legal remedy … they could not also maintain equitable claims under the UCL … in federal court[,]" even where the legal remedy was time-barred and could not be pursued.)

profits, which "does not return them to the status quo." (Pls. Add. UCL Mem. at 8, ECF No. 334.) They argue that "[t]he amount of money earned by Defendant as profits from the conspiracy—which disgorgement compensates—and the amount of money paid by Class members to the conspiracy—which restitution under the UCL compensates—are distinct factually and legally." (Pls. Resp. UCL Mem. at 6, ECF No. 336.) (*See also id.* (stating "[t]he jury awarded the Class an amount reflecting disgorgement of Defendants' profits ($4 million), instead of the stipulated sum of PEAKS loan payments lost by the Class ($51.5 million).")

Following Plaintiffs' theory to its logical end would emasculate the holdings of *Sonner* and *Guzman*. "It would be anomalous for *Sonner*'s rule to be avoidable merely because of the reality that claims for restitution and damages often will result in different recoveries." *Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-GPC-KSC, 2021 WL 2864481, at *10 (S.D. Cal. July 8, 2021). Thus, an adequate legal remedy is not rendered inadequate simply because it might provide relief different from an alternative equitable remedy. *See id.* To be sure, disgorgement, restitution, and damages are distinct forms of recovery, but that distinction is irrelevant for purposes of determining equitable jurisdiction.[3] The *existence* of an adequate legal remedy is what deprives a federal court of jurisdiction to address an alternative equitable claim.

Here, Plaintiffs seek the same amount of recovery, $51,509,051, based on the same facts and harm under two distinct theories: damages under RICO, and restitution under the UCL. (*See* Pls. Proposed Third Amended Complaint ¶ 193, ECF No. 322-2.) The same was true in *Sonner*, where the plaintiff sought "the same sum in equitable restitution as a full refund of the purchase price … as she requested in damages to compensate her for the

---

[3] Plaintiffs' characterization of the jury's award as "disgorgement," which is an equitable remedy, is also inaccurate as Plaintiffs sought damages under RICO and the jury was so instructed. (ECF No. 304; Jury Inst. No. 20 (stating "[t]he relevant period of time for you to consider any RICO damages is from April 10, 2016 to September 2020. The parties have stipulated that the class members paid Defendants $51,509,051.00 during this time period.").)

same past harm." 971 F.3d at 844. As discussed, the Ninth Circuit determined that because the plaintiff failed to explain how the ability to pursue "the same amount of money for the same exact harm is inadequate or incomplete," she failed to establish that she lacked an adequate remedy at law. *Id.* Thus, while Plaintiffs desire to recoup "restitution" through the UCL what the jury did not award under RICO in damages, the Court lacks jurisdiction to hear the merits of the UCL claim because Plainitffs had an adequate legal remedy under RICO.

To avoid this result, Plaintiffs argue judicial estoppel should prevent Defendants from challenging the Court's equitable jurisdiction. (*See* Pls. Add. Mem. at 11–12, ECF No. 334.) "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (emphasis omitted). A court may invoke "judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id.* (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Plaintiffs argue that by objecting to the Court's equitable jurisdiction, Defendants are taking a "clearly inconsistent" position from earlier in the litigation. Plaintiffs note that Defendants could have challenged Plaintiffs UCL claim early on through a Rule 12(b)(6) motion, but they did not, and that Defendants also "agreed" that the Court would address the UCL claim after the jury trial. Plaintiffs argue that even if this Court does not invoke judicial estoppel, Defendants waived any objection to the Court's equitable jurisdiction. Defendants argue that they did not waive any of their rights with respect to the UCL claim, and that they were simply responding to what Plaintiffs set in place through their own pleadings. Specifically, Defendants point out that Plaintiffs alleged in their SAC that "*only* in the event RICO damages are not granted [], the California members of the RICO Class are entitled to restitution in the amount of their portion of the $[51] million in loan

payments made by the RICO Class, pursuant to the UCL." (SAC ¶ 193 (emphasis added).) Defendants contend that once Plaintiffs were awarded damages by the jury under RICO, they objected to equitable jurisdiction.

While Defendants could have challenged the UCL claim early on through a motion to dismiss under Rule 12(b)(6), the Court declines to fault them for not doing so in light of Plaintiffs' pleadings in which they expressly conditioned UCL relief on their RICO claim. Defendants are not asserting an inconsistent position, but rather asserting a viable jurisdictional defense now that Plaintiffs are attempting to pursue a claim they alleged they would not pursue under the present circumstances. Accordingly, an "unfair detriment" to Plaintiffs has not occurred. Therefore, the Court declines Plaintiffs' invitation to invoke judicial estoppel and preclude Defendants from objecting to equitable jurisdiction.

Plaintiffs also argue that Defendants expressly consented to the Court trying the UCL claim following the jury trial, and thus implicitly waived any objection to equitable jurisdiction. Plaintiffs contend Defendants participated in the jury trial and then submitted merits briefing on the bench trial of the UCL claim, which indicates acquiescence to equitable jurisdiction. The Court finds Defendants did not explicitly or implicitly consent to equitable jurisdiction, particularly because Plaintiffs pled the UCL claim as an alternative form of relief.

While Defendants certainly could have raised this objection sooner, their failure to do so does not constitute waiver. Equitable jurisdiction may be waived when a defendant "expressly consented to action by the court or has failed to object seasonably." *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 500–01 (1923). An objection to equitable jurisdiction, "need not always be raised by some pleading, but may be presented on the hearing even in the appellate court." *Southern Pac. R. Co. v. U.S.*, 200 U.S. 341, 349 (1906).

Plaintiffs argue this case has progressed well beyond those cited by Defendants, where courts found no waiver. *See Sonner*, 971 F.3d at 830 (objection to equitable jurisdiction not waived though case was on the eve of trial and well after motion practice and discovery closed); *Clevenger v. Welch Foods, Inc.*, No. SACV 20-01859, 2022 WL

18228288, at *7 (C.D. Cal. Dec. 14, 2022) (declining to find waiver where case "recently moved past the class certification stage"); *Utne*, 2022 WL 1443339, at *4 (finding no waiver when objection to equitable jurisdiction was raised at summary judgment). However, unlike those cases, Plaintiffs plead in the alternative and requested equitable relief "only in the event RICO damages are not granted[.]"[4]  (SAC ¶ 193.)  Similar to *Sonner*, Defendants here raised their objection to equitable jurisdiction on the eve of the UCL trial.  Defendants belated objection under the circumstances is not a waiver of the jurisdictional argument.  The Court therefore finds Defendants "seasonably" objected to the Court's equitable jurisdiction.

With no equitable jurisdiction, Defendants have established that on the face of the SAC, there is no issue of material fact as to the UCL claim and Defendants are entitled to judgment as a matter of law.  IT IS HEREBY ORDERED that Plaintiff's UCL claim is dismissed without prejudice.  *See Guzman*, 49 F.4th at 1314 (stating "a jurisdictional dismissal is necessarily without prejudice because the court does not reach the merits of the claims.").  IT IS FURTHER ORDERED that this matter be set for a telephonic status conference on Friday, October 13, 2023, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  September 28, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[4] Plaintiffs filed their Complaint in April 2020, weeks before *Sonner* was decided in June 2020.  The SAC was filed the day after *Guzman* was decided.  While Defendants could have challenged the UCL claim based on Plaintiffs' iterations of their Complaint, the Court declines to fault them for failing do so in light of the developing case law, and Plaintiffs' SAC which expressly conditioned equitable relief under the UCL on absence of a damages award under RICO.