UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, et al.,<br><br>                         Plaintiffs,<br>v.<br><br>VERVENT, INC., et al.,<br><br>                        Defendants. | Case No.:20-cv-00697-DMS-AHG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT** |

Pending before the Court is Plaintiffs' Motion to Alter Judgment under Federal Rules of Civil Procedure 59(e). (ECF No. 313.) Defendants filed a response (ECF No. 341), and Plaintiffs filed a reply (ECF No. 344). For the reasons discussed below, the Court denies Plaintiffs' Motion to Alter Judgment.

## I.
## BACKGROUND

The factual background of this case has been summarized in prior orders, (*See* ECF Nos. 128, 140, 151), and need not be repeated. For the purposes of resolving the instant motion, the Court notes the following facts.

On June 22, 2023, following a two-week class action jury trial, the jury found Defendants Vervent, Inc., Activate Financial LLC, and David Johnson liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 300.) The jury

awarded Plaintiffs $4 million in compensatory damages. The jury award was trebled pursuant to the RICO statute, *see* 18 U.S.C. § 1964(c), for a total recovery of $12 million. (*Id.*)

In its present motion, Plaintiffs claim the jury erred in awarding Plaintiffs only $4 million in compensatory damages. (Pls.' Mot. to Alter J. ("Pls.' Mot.") at 1, ECF No. 313.) Plaintiffs contend damages were undisputed at trial, and therefore "the jury's job should have stopped after determining liability." (Pls.' Reply to Defs.' Opp'n, ("Pls. Rep.") at 5, ECF No. 344.) Thus, after finding Defendants liable under RICO, Plaintiffs contend the jury was required to award $51.5 million—the stipulated amount class members paid to Defendants in loan payments. (*Id.*) Plaintiffs argue the jury's decision to award Plaintiffs a lesser amount is a "manifest error" and a result of the "jury's decision to set aside the law and facts." (Pls.' Mot. at 1.) Plaintiffs request the Court amend the judgment as to damages and award Plaintiffs $51.5 million prior to mandatory trebling under RICO. (*Id.*)

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Ninth Circuit precedent has made clear that Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). District courts "enjoy considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). The Ninth Circuit has identified four grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3D 1101, 1111 (9th Cir. 2011).

# III.

# DISCUSSION

Plaintiffs timely filed a 59(e) motion contending that the judgment must be amended due to manifest error of law. Plaintiffs assert three arguments: (1) Instruction No. 21 of the jury instructions was legally incorrect and may have misled the jury; (2) the Parties stipulated to the amount of damages the jury must award Plaintiffs if the jury found Defendants liable under RICO; and (3) the jury's damages calculation is not supported by substantial evidence. The Court will take each argument in turn.

**A. Plaintiffs' Waived their Objection to Court's Instruction No. 21.**

Jury Instruction No. 21 instructed jurors to "consider only the Plaintiff's economic loss, if any, *caused by Defendants*" when calculating damages. (Jury Instrs. at 36, ECF No. 304) (emphasis added). Plaintiffs contend the Instruction should have read "*caused by any member of the conspiracy*" for each Defendant is not only liable for their own damages, but for all damages caused by their co-conspirators under RICO. (Pls.' Mot. at 3). The Court agrees with Plaintiffs' understanding of the law but rejects Plaintiffs' argument for two reasons.

First, Plaintiffs' objection to the instruction is untimely. The Ninth Circuit has made clear that "a Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiffs failed to object to Instruction No. 21 despite multiple opportunities to do so. *See* (ECF Nos. 248, 271, 276, 283, 304). The Court invited both parties to submit proposed jury instructions and objections to their opposing party's instructions. Plaintiffs submitted objections, but did not object to Instruction No. 21. (ECF No. 248). This motion is the first time Plaintiffs have informed the Court of their objection to Instruction No. 21, therefore, the Court rejects Plaintiffs' argument as untimely.

Second, Defendants' aptly note that Plaintiffs drafted Instruction No. 21 and the Court fully adopted Plaintiffs' proposed instruction. "In cases in which [parties]

themselves propose the instruction, review is totally barred under the invited error doctrine." *U.S. v. Benny*, 786 F. 2d 1410, 1416 (9th Cir. 1986) (quoting *United States v. Alexander*, 695 F.2d 398, 402 (9th Cir. 1982)). Thus, the Court finds Plaintiff's objection to Instruction No. 21 is not only untimely, but improper.

Even if the Court were to address the merits of Plaintiffs' objection, the Court would respectfully reject Plaintiffs' argument. Jury Instruction No. 20, immediately preceding Instruction No. 21, states "[i]f you conclude that a Defendant joined in a conspiracy to violate RICO, the Defendant is responsible for all damages caused by predicate acts committed by members of the conspiracy that caused injury to Plaintiffs and class members. . . .." (Instr. No. 20, Jury Instrs.) Thus, the jury was properly instructed on the applicable law and "we presume jurors follow the court's instructions absent extraordinary situations." *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1115 (9th Cir. 2005). The Court has no reason to find this to be one of those extraordinary situations.

**B. Damages Were Disputed at Trial.**

Plaintiffs contend the amount of damages at trial was undisputed. Specifically, Plaintiffs argue that because the jury found Defendants liable, it was required to award Plaintiffs the stipulated total sum of payments made by the Class on their PEAKS loans. The Court disagrees. Plaintiffs misapprehend a stipulation detailing the total amount of payments made by Class on PEAKS loan payments as conclusive of Defendants' agreement not to contest damages at trial. The stipulation reads as follows: "[c]ollectively, PEAKS borrowers paid Defendants $51,509,051 from the beginning of the class period on April 10, 2016, until Defendants stopped collecting payments in September 2020." (ECF No. 210-3, at 20). The Court rejects Plaintiffs' attempt to misconstrue this stipulation as an agreement not to dispute damages at trial.

Further, the verdict form called for the exercise of discretion and instructed the jury to write in an amount of damages that would "fairly compensate Plaintiffs and the class for the damages that occurred between April 10, 2016 and September 2020." (ECF No. 300, at 3.) The Court rejected Plaintiffs' initial proposed verdict form which omitted a damages

portion under RICO because Defendants made it clear that damages would be disputed at trial. (ECF No. 243 at 9). Subsequently, the Parties were instructed to confer and submit to the Court a finalized verdict form to which both Parties agreed. (ECF No. 278). The Court adopted the Parties' joint proposed verdict form which included the damages portion, as noted above. Plaintiffs did not object. The jury followed the verdict form and awarded Plaintiffs' an amount of damages it believed would "fairly compensate" the Plaintiffs. The Court does not find that this amounted to a "manifest error of law."

### C. The Jury's Award is Supported by Substantial Evidence.

Plaintiffs contend the jury's award of $4 million is a manifest error of law unsupported by substantial evidence. (Pls.' Reply at 8.) "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (citations omitted). This Court "must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*

Viewing the evidence in the light most favorable to Defendants, the non-moving party, the Court finds the jury's verdict is supported by substantial evidence. Defendants' Opposition outlines at least ten reasons why a reasonable jury may have decided to award an amount of damages less than $51 million. (Defs.' Opp'n to Pls.' Mot. to Alter J. ("Defs.' Opp'n") at 11–12, ECF No. 341.) Defendants presented substantial evidence that all class representatives received value from their PEAKS loans in the form of a higher education degree and higher paying jobs that required such degrees. (*Id.* at 12). Defendants also presented evidence that "[a]ll class members used their loan funds as direct payment of their tuition." (*Id.* at 11). Plaintiffs contend that Defendants failed to "propose any alternative calculation to the stipulated amount," but "damages are not improperly speculative simply because they cannot be ascertained with exact mathematical precision." (Pls.' Reply at 3); *Morse v. County of Merced*, No. 1:16-cv-00142-DAD-SKO, 2018 WL

3469062, at *3 (E.D. Cal. July 16, 2018) (quoting *Virgin Valley Water Dist. v. Vangaurd Piping Sys. (Canada), Inc.*, No. 2:09-CV-00309-LRH, 2011 WL 533995, at *3 (D. Nev. Feb. 8, 2011)).  Additionally, "a jury's verdict will not be set aside simply because the damages awarded do not correspond to any particular calculation presented to the jury." *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 385 (9th Cir. 1982).  The Court will not speculate as to how the jury came to an award of $4 million because the record is supported by substantial evidence.  Although a reasonable jury could have awarded Plaintiffs $51.5 million in damages, a reasonable jury could have also considered Defendants' evidence and arguments at trial and awarded a lower amount, which it did.  Ultimately, the court must "afford substantial deference to the jury's finding of the appropriate amount of damages."  *Harper*, 533 F.3d at 1028.  Thus, this Court finds that the jury's verdict is supported by substantial evidence and Plaintiffs' have failed to satisfy the high burden necessary for relief under Rule 59(e).  The Court need not consider Defendant's remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter the Judgment is **DENIED**.  The Court will honor the jury's award of $4 million before mandatory trebling under RICO.

**IT IS SO ORDERED.**

Dated:  November 14, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court