# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, et al.,<br><br>Plaintiffs,<br>v.<br><br>VERVENT, INC., et al.,<br><br>Defendants. | Case No.:20-cv-00697-DMS-AHG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AND DENYING PLAINTIFFS' APPLICATION FOR PREJUDGMENT INTEREST** |

Pending before the Court is Plaintiffs' motion for final judgment and application of prejudgment interest. (Plaintiffs' Motion for Entry of Final Judgment and Application for Prejudgment Interest, ("Pls.' Mot."), ECF No. 346.) Defendants filed a response in opposition (Defendants' Response in Opposition ("Defs.' Opp'n"), ECF No. 348), and Plaintiffs filed a reply (Plaintiffs' Reply to Defendants' Response in Opposition, ("Pls.' Reply"), ECF No. 349.) For the reasons discussed below, the Court grants Plaintiffs' motion for final judgment but denies Plaintiffs' application for prejudgment interest.

## I. BACKGROUND

The factual background of this case has been summarized in prior orders, (*See* ECF Nos. 128, 140, 151), and need not be repeated. For purposes of resolving the instant motion, the Court notes the following facts.

On June 22, 2023, following a two-week class action jury trial, the jury found Defendants Vervent, Inc., Activate Financial LLC, and David Johnson liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 300.) The jury awarded Plaintiffs $4 million in compensatory damages, which was trebled pursuant to the RICO statute, *see* 18 U.S.C. § 1964(c), for a total recovery of $12 million. (*Id.*) Thereafter, Plaintiffs filed a motion to alter the judgment to include an award of $51.5 million, the stipulated amount class members paid to Defendants in loan payments. (ECF No. 313.) The Court denied Plaintiff's motion finding that the jury's verdict was supported by substantial evidence. (ECF No. 345.)

In the present motion, Plaintiffs ask the Court to enter final judgment in the amount of $16,008,282.67, against Defendants Vervent, Activate Financial LLC, and David Johnson. This sum consists of the trebled amount awarded by the jury, $12 million, plus prejudgment interest in the amount of $4,008,282.67. Defendants ask the Court to deny Plaintiffs' application for prejudgment interest and enter final judgment in the amount of $12 million.

## II. DISCUSSION

### A. Treble Damages

18 U.S.C. § 1964(c) "provides that a person injured in his business or property by reason of a violation of § 1962 may bring suit in the district court and 'shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.'" *Naoom v. Secured Assets Income Funds*, Case No. 05-cv-1207 H (CAB), 2007 WL 9776596 at *17 (S.D. Cal. Mar. 8, 2007) (quoting 18 U.S.C. § 1964(c)). The jury returned a verdict in favor of Plaintiffs for civil violations of RICO and awarded $4 million in compensatory damages. Thus, the Court finds and the parties do not dispute that Plaintiffs are entitled to treble damages in the amount of $12 million under 18 U.S.C. § 1964(c).

### B. Prejudgment Interest

Federal law governs the availability of prejudgment interest for Plaintiffs' civil RICO claims. *Naoom*, 2007 WL 9776596 at *24 (S.D. Cal. Mar. 8, 2007) (citing *In re*

*Southland + Keystone*, 132 B.R. 632 641 (B.A.P. 9th Cir. 1991)) ("An award of interest in an action arising under a federal statute is a matter of federal law."). Under federal law, the award of prejudgment interest "rests within the sound discretion of the court." *Home Sav. Bank, F.S.B. by Resolution Trust Corp. v. Gillam*, 952 F.2d 1152, 1165 (9th Cir. 1991). "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 196 (1995). "Therefore, when determining whether to award prejudgment interest, the district court should be mindful of the fact that prejudgment interest is an element of compensation, not a penalty." *See W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984).

Plaintiffs ask the Court to exercise its discretion to award prejudgment interest on Plaintiffs trebled recovery of $12 million. Notably, RICO is silent as to whether a prevailing plaintiff is entitled to prejudgment interest in addition to treble damages. Thus, in exercising its discretion, some district courts have held that a plaintiff is not entitled to recover prejudgment interest because mandatory trebling more than compensates an injured plaintiff. *See e.g.*, *Davis v. Standefor*, 2009 WL 10672743 at *1 (C.D. Cal. July 30, 2009) (citing *Pac. Gas & Elec. Co. v. Howard P. Foley Co., Inc.*, 1993 WL 299219, at *2 (N.D. Cal. July 27, 1993); *Louisiana Power & Light Co. v. United Gas Pipe Line Co.*, 642 F. Supp. 781, 811 (E.D. La 1986)); *In re Crazy Eddie Sec. Litigation*, 948 F. Supp. 1154, 1166 (E.D.N.Y. 1996) ("Since the class plaintiffs are entitled to trebled damages under RICO, they will be more than adequately compensated for the loss of the use of their money. . . .") The Sixth Circuit, however, has held that prejudgment interest may be appropriate "where treble damages do not adequately compensate a plaintiff for the actual damages suffered, or where a defendant has sought unreasonably and unfairly to delay or obstruct the course of litigation." *In re ClassicStar Mare Lease Litigation*, 727 F.3d 473, 495 (6th Cir. 2013) (quoting *Bingham v. Zolt*, 810 F. Supp. 100, 102 (S.D.N.Y. 1993) (finding that "treble damages will usually more than adequately compensate a plaintiff for actual damages suffered" but "recogniz[ing] the possibility that exceptional circumstances

may exist" warranting an award of prejudgment interest). Neither the Supreme Court nor the Ninth Circuit has squarely addressed this issue.

Plaintiff contends the Court should adopt the Sixth Circuit's standard and award prejudgment interest because Defendants unreasonably and unfairly delayed the litigation. *ClassicStar*, 727 F.3d 473 at 495. Specifically, Plaintiffs contend "Defendants repeatedly attempted to pick off the class representatives for the very purpose of eliminating this action, or at the very least, delaying it" and "Defendants further delayed the course of the litigation by appealing this Court's denial of their motion to compel arbitration." (Pls.' Mot. at 4.) The Court acknowledges that Defendants' legal strategy may have delayed litigation but finds that such tactics were not unreasonable or unfair. While Defendants conduct of "picking off" class representatives was aggressive, the Court is not prepared to find under the present circumstances that Defendants acted unfairly or unreasonably. Additionally, Defendants' appeal of the Court's order denying their motion to compel arbitration did not unreasonably delay the case because the Court declined to stay the case while the appeal was pending. Defendants did not engage in unreasonable or unfair litigation tactics warranting an award of prejudgment interest even under the Sixth Circuit's more deferential standard. Further, Plaintiffs may be too quick to blame Defendants entirely for the delay in judgment. Plaintiffs' multiple post-trial motions seeking to pursue their UCL claim and asking the Court to increase the jury's verdict from $4 million to $51.5 million also contributed to the delay.

Ultimately, the Court finds that RICO's mandatory trebling provision adequately compensates Plaintiffs for their loss. Requiring Defendants to pay prejudgment interest would be more punitive than compensatory in nature, particularly when measured by the jury's verdict. *See Barnhard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) ("We have held that prejudgment interest is an element of compensation, not a penalty."). Plaintiffs contend "Defendants' willful bad conduct in facilitating this illegal fraud persisted for nearly a decade and fully justifies prejudgment interest as a matter of fairness to their victims." (Pls.' Reply at 8.) However, this statement and much of Plaintiffs' application

for prejudgment interest seeks to penalize Defendants for their conduct and is fairly accounted for by RICO's trebling of damages. The Court may not award prejudgment interest as a penalty for Defendants' bad faith conduct. *See City of Milwaukee*, 515 U.S. 189 at 197 ("[P]rejudgment interest is not awarded as a penalty; it is merely an element of just compensation."); *Davis*, 2009 WL 10672743 at *1 n.4 ("Indeed, Plaintiffs stress the egregiousness of [Defendant]'s criminal conduct in urging the Court to award prejudgment interest, reinforcing the Court's sense that an award of prejudgment interest would be punitive in nature."). Thus, the Court respectfully declines to award Plaintiffs prejudgment interest and affirms the jury's verdict of $4 million prior to mandatory trebling under RICO.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for entry of final judgment and **DENIES** Plaintiffs' application for prejudgment interest. Final judgment will be entered against Defendants Vervent, Inc., Activate Financial LLC, and David Johnson in the amount of $12 million, plus attorneys' fees and costs in an amount yet to be determined.

**IT IS SO ORDERED.**

Dated: June 18, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court