UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>VERVENT, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-00697-DMS-AHG<br><br>**FINAL JUDGMENT** |

　　　WHEREAS, this case was initiated by the filing of a complaint on April 10, 2020.

　　　WHEREAS, the eventual, operative complaint in the above-captioned class action was the Second Amended Class Action Complaint (Dkt. No. 141) ("SACAC").

　　　WHEREAS, in the SACAC, Plaintiffs Heather Turrey, Oliver Fiaty, Jordan Hernandez, and Jeffrey Sazon (collectively, "Plaintiffs") alleged five causes of action, individually and on behalf of all others similarly situated, as follows: (1) RICO, 18 U.S.C. § 1962(d) (the "RICO Claim"); (2) FDCPA, 15 U.S.C. §§ 1692k, 1692e, and 1692f (the "FDCPA Claim"); (3) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.33 (the "RFDCPA Claim"); (4) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL Claim"); and (5) Negligent Misrepresentation.

WHEREAS, the Defendants named by Plaintiffs in the SACAC were: Vervent, Inc., f/k/a First Associates Loan Servicing, LLC ("Vervent"); Activate Financial LLC ("Activate Financial"); David Johnson; and Laurence Chiavaro (collectively, the "Vervent Defendants").

WHEREAS, Plaintiffs alleged their five causes of action in the SACAC against various combinations of the Vervent Defendants, as follows:

    a.    The RICO Claim: against all Vervent Defendants;

    b.    The FDCPA Claim: against Defendants Vervent, Activate Financial, and Johnson;

    c.    The Rosenthal Claim: against Defendants Vervent, Activate Financial, and Johnson;

    d.    The UCL Claim: against Defendants Vervent and Activate Financial; and

    e.    Negligent Misrepresentation: against Defendants Vervent and Activate Financial.

WHEREAS, Plaintiffs' claims were brought on behalf of themselves and a proposed class. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the court certified a nationwide Class consisting of all individuals who, based on Defendants' records: (i) were PEAKS loan borrowers, and (ii) made a payment during the period April 10, 2016 until the present. The Class includes the RICO claims against all Defendants and the UCL and negligent misrepresentation claims against Vervent and Activate Financial. The court also certified a nationwide FDCPA subclass and a California RFDCPA subclass.

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(c)(3)(B), notice was duly directed to the Class, and all persons and entities falling within the class, except for those who timely requested exclusion listed below are found to be class members. The following individuals have opted out and are not members of the Class: Tara Chambers, Louis Rosario, Ben Teah, Najib Ramos and Joel Hilliard.

WHEREAS, a jury trial of all claims except for the UCL claim commenced on June 8, 2023, and concluded on June 22, 2023.

WHEREAS, a jury was regularly empaneled and sworn. Witnesses were sworn and testified and the parties rested their cases and evidence closed on June 15, 2023.

WHEREAS, on June 16, 2023, Plaintiffs voluntarily dismissed their FDCPA, Rosenthal, and Negligent Misrepresentation Claims.

WHEREAS, the jury was instructed on June 20, 2023, after which the RICO claim alone was submitted to the jury.

WHEREAS, on June 22, 2023, the jury returned a verdict in Plaintiffs' favor on the RICO claim, finding that, as against Defendants Johnson, Vervent and Activate Financial:

a. A conspiracy or agreement existed between two or more persons to conduct or participate, directly or indirectly, in the affairs of the charged enterprise;

b. An enterprise as alleged existed, which consisted of a group of persons or entities associated together for a common purpose or to engage in a course of conduct, through a pattern of racketeering activity;

c. The Defendant knowingly joined or became a member of the conspiracy or agreement with knowledge of its purpose and with the intent to facilitate the enterprise;

d. The Defendant knew that a member of the conspiracy, not necessarily the Defendant, would commit at least two racketeering acts; and

e. That the activities of the enterprise in some way affected interstate or foreign commerce.

WHEREAS, the jury found and awarded damages to the Class on the RICO claim (herein after "RICO Class") in the amount of $4,000,000.

WHEREAS, the Court dismissed Plaintiffs' UCL Claim without prejudice to refile in state court on September 29, 2023 (Dkt. No. 338), pursuant to *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022), before the bench trial of the UCL claim.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. In accordance with the jury verdict, with respect to the RICO claim, judgment is entered in favor of Plaintiffs and the RICO Class and against Defendants David Johnson, Vervent Inc., and Activate Financial LLC, who are held jointly and severally liable to the Class in the amount of $4,000,000 in damages, which is to be trebled under 18 U.S.C. § 1964(c), to $12,000,000.

2. Pursuant to 28 U.S.C. § 1961, Plaintiffs and the RICO Class are awarded post-judgment interest from the date of entry of this Judgment at the applicable federal post-judgment interest rate, compounded annually, on all of the foregoing award until this Judgment is paid in full.

3. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs and the RICO Class shall recover costs from Defendants Johnson, Vervent, and Activate Financial as determined by the Clerk of the Court.

4. Plaintiffs and the RICO Class shall recover reasonable attorneys' fees from Defendants Vervent, Activate Financial, and Johnson as shall later be determined by the Court.

5. Plaintiffs' FDCPA, Rosenthal, and Negligent Misrepresentation Claims are hereby dismissed with prejudice.

6. All claims brought against defendant Christopher Schuler are hereby dismissed.

7. This Judgment shall be binding on Defendants, Plaintiffs, and all Class members who have not opted out.

8. The Court hereby retains continuing jurisdiction to determine reasonable attorneys' fees and expenses and to issue such further orders pertaining to this action as may become necessary.

**IT IS SO ORDERED.**

Dated: July 16, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court