# EXHIBIT A

No. 24-3849

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HEATHER TURREY; OLIVER FIATY; JORDAN HERNANDEZ; JEFFREY SAZON, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellees*,

v.

VERVENT, INC.; ACTIVATE FINANCIAL, LLC; DAVID JOHNSON,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Southern District of California
No. 3:20-cv-00697-DMS-AHG, Hon. Dana M. Sabraw

### APPELLANTS' UNOPPOSED MOTION
### TO HOLD APPEAL IN ABEYANCE

Appellants Vervent, Inc., Activate Financial, LLC, and David Johnson ("Movants") respectfully move to hold this appeal in abeyance pending resolution of Movants' pending Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b). D.Ct. Dkt. No. 369. Plaintiffs-Appellees do not oppose this motion.

This appeal is from the judgment in favor of Plaintiffs-Appellees and against Movants on Plaintiffs-Appellees' RICO claim. D.Ct. Dkt. No. 360; D.Ct. Dkt.

No. 351. Movants noticed this appeal on June 20, 2024. D.Ct. Dkt. No. 352. On August 13, 2024, Movants moved for judgment as a matter of law pursuant to Rule 50(b). D.Ct. Dkt. No. 369. That motion remains pending before the district court. D.Ct. Dkt. No. 370; D.Ct. Dkt. No. 378 (vacating hearing and taking motion under submission).

This appeal should be held in abeyance until Movants' Rule 50(b) motion is resolved. Federal Rule of Appellate Procedure 4(a)(4)(B) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." That is, the appeal is considered premature and not effective until those tolling motions are resolved. *See Leader Nat. Ins. Co. v. Industrial Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994). This Court has therefore held that a notice of appeal filed prior to disposition of such a tolling motion should be "held in abeyance until the motion is resolved." *Id.*

Dated: December 4, 2024               Respectfully submitted,

/s/ Aileen M. McGrath
AILEEN M. MCGRATH
JOEL F. WACKS
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-6153
AMcGrath@mofo.com

*Counsel for Defendants-Appellants*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitations of Ninth Circuit Rule 27-1(d) because it does not exceed 20 pages.

This motion complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, including serifs, using Microsoft Word 2024 in Times New Roman 14-point font.

Dated:  December 4, 2024                          /s/ Aileen M. McGrath
                                                                                    Aileen M. McGrath

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system on December 4, 2024.

Dated: December 4, 2024                   /s/ Aileen M. McGrath
                                                                                               Aileen M. McGrath

ny-2830173