BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VERVENT, INC., etc., et al., <br><br> Defendants. | Case No. 3:20-cv-00697-DMS-AHG <br><br> **CLASS ACTION** <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES** <br><br> Date: April 11, 2025 <br> Time: 1:30 p.m. <br> District Judge Dana M. Sabraw <br> Courtroom 13A, 13th Fl. (Carter-Keep) <br><br> Magistrate Judge Allison H. Goddard <br> Chambers Room 3B, (Schwartz) <br><br> Complaint Filed: April 10, 2020 <br> Trial Date: June 8, 2023 <br><br> **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

Plaintiffs have incurred additional attorneys' fees not requested in their original motion for attorneys' fees, costs, and service awards. These fees include those incurred in finalizing the opening fees brief and supporting exhibits, preparing their reply fees brief, preparing a proposed final judgment as ordered by this Court, successfully opposing Defendants' Rule 50(b) motion, and preparing this supplemental motion. For the sake of efficiency, Plaintiffs chose to seek those fees and any others until after this Court decided Defendants' Rule 50(b) motion.[1]

18 U.S.C. section 1964(c) mandates that Plaintiffs as the prevailing party be awarded their reasonable attorneys' fees, and courts have consistently held that fees incurred on fee motions are compensable. As such, this Court should award Plaintiffs their additional reasonable attorneys' fees, which total $76,971.[2]

## II. RELEVANT HISTORY

On June 27, 2024, Plaintiffs filed their initial motion for attorneys' fees, costs, and service awards. Dkt. No. 357. On August 30, 2024, Defendants filed their opposition to Plaintiffs' fee motion. Dkt. No. 370. On October 4, 2024, Plaintiffs filed their reply brief. Dkt. No. 372.

On August 14, 2024, Defendants filed their Rule 50(b) motion, which was directed solely at the verdict in favor of Plaintiffs on their RICO claim. Dkt. No. 369. Plaintiffs filed their opposition brief on October 18, 2024, and Defendants their reply brief on October 28, 2024. Dkt. Nos. 375 and 377.

---

[1] *See* Dkt. No. 357 at 3 ("Plaintiffs reserve the right to seek additional attorneys' fees and expenses for future work or any ruling modifying or increasing the judgment amount."); *and* Declaration of James M. Davis, ¶ 4.

[2] The concurrently submitted declarations of James M. Davis and David Nagdeman include schedules breaking down the firms' lodestars into hours spent by each attorney and staff member, as well as hours spent on each task. *See* Davis Decl., ¶ 10; *and* Nagdeman Decl., ¶¶ 11-12.

On February 26, 2025, this Court granted in part Plaintiffs' motion for attorneys' fees, costs, and service awards. *Turrey v. Vervent, Inc.*, No. 20-cv-697-DMS-AHG, 2025 U.S. Dist. LEXIS 34866 (S.D. Cal. Feb. 26, 2025). This Court granted Plaintiffs' request for costs and service awards in full and granted 80% of their requested fees. *Id*. That same day, this Court denied Defendants' Rule 50(b) motion. *Id*.

### III. PLAINTIFFS SHOULD BE AWARDED THEIR ADDITIONAL ATTORNEYS' FEES

#### A. Additional Fees Incurred in Connection With Plaintiffs' Motion and Supplemental Motion for Attorneys' Fees

"Under fee-shifting statutes like [RICO], courts have . . . consistently held that time spent establishing the entitlement to and amount of the fee is compensable." *Vortex Marine Constr. v. Grimm*, 878 F.3d 709, 710 (9th Cir. 2017) (citing *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121 (2015) and *Blixseth v. Yellowstone Mtn. Club*, 854 F.3d 626 (9th Cir. 2017); *see also Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) ("Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees').").

Plaintiffs' lodestar with respect to these additional fees is "presumptively reasonable." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022); *see also Monex Deposit Co. v. Gilliam*, No. SACV 09-287 JVS (ANx), 2010 U.S. Dist. LEXIS 65767, at *8–9 (C.D. Cal. May 24, 2010) (under RICO and other fee-shifting statutes, "[t]he determination of reasonableness of an attorney's fees request is typically guided by the lodestar method.") And this Court has already found Plaintiffs' attorneys' rates to be reasonable. *Turrey v. Vervent, Inc.*, No. 20-cv-697-DMS-AHG, 2025 U.S. Dist. LEXIS 34876, at *8 (S.D. Cal. Feb. 26, 2025).

Accordingly, Plaintiffs are entitled to their additional "fees-on-fees," which include time spent finalizing their initial fee brief, analyzing Defendants' opposition

brief, preparing the reply brief, submitting supplemental authority to this Court, and preparing this supplemental motion. Davis Decl., ¶¶ 5, 10; Nagdeman Decl., ¶¶ 11-12.

### B. Fees Incurred in Successfully Opposing Defendants' Rule 50(b) Motion and Preparing the Proposed Final Judgment

As this Court has observed, courts "routinely interpret [section 1964(c) of RICO] to mandate an award of attorneys' fees and costs to a party injured by a RICO violation." *Turrey*, 2025 U.S. Dist. LEXIS 34876, at *6 (citing *Valadez v. Aguallo*, No. C-08-03100, 2009 U.S. Dist. LEXIS 144987 (N.D. Cal. Dec. 10, 2009), *aff'd*, 433 Fed. Appx. 536 (9th Cir. 2011)).

Because Plaintiffs successfully opposed Defendants' Rule 50(b) motion, which was directed solely at the verdict in favor of Plaintiffs on their RICO claim, Plaintiffs are entitled to such fees incurred.

### C. No Lodestar Reduction Is Warranted

The reasons motivating this Court to apply a .80 lodestar reduction to Plaintiffs' initial fee request do not apply here. Those reasons included (a) lack of specificity as to which hours Plaintiffs voluntarily excluded; and (b) Plaintiffs' level of success.

Here, Plaintiffs describe precisely which fees they exclude: all fees incurred in connection with the post-verdict appeal, which include preparing for and attending a mediation session with the Ninth Circuit mediator.[3] Davis Decl., ¶ 6; Nagdeman Decl., ¶¶ 6-7. Also, all fees incurred as requested in this supplemental motion relate exclusively to Plaintiffs' successful RICO claim, and not their debt collection, negligent misrepresentation, and UCL claims.

Therefore, no lodestar reduction should be applied to the instant request.

---

[3] Plaintiffs reserve the right to seek those fees and any others at the appropriate time.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this motion and award Plaintiffs their additional attorneys' fees in the amount of $76,971, in addition to the $4,086,277.04 in fees, $465,149.76 in costs, and the $85,000 total in service awards previously awarded by this Court.

Respectfully submitted,

Dated: March 12, 2025

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)

By:       *s/ Timothy G. Blood*
           TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2025.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com