BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
JAMES M. DAVIS (301636)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
jdavis@bholaw.com

LANGER GROGAN & DIVER, PC
IRV ACKELSBERG (*pro hac vice*)
JOHN J. GROGAN (*pro hac vice*)
DAVID A. NAGDEMAN (*pro hac vice*)
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215/320-5660
215/320-5703 (fax)
iackelsberg@langergrogan.com
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| HEATHER TURREY, et al., | Case No. 3:20-cv-00697-DMS-AHG |
|---|---|
| Plaintiffs, | **CLASS ACTION** |
| v. | **DECLARATION OF DAVID NAGDEMAN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION FOR AWARD OF ATTORNEYS' FEES** |
| VERVENT, INC., etc., et al., | |
| Defendants. | |
| | Date: April 11, 2025<br>Time: 1:30 p.m.<br>District Judge Dana M. Sabraw<br>Courtroom 13A, 13th Fl. (Carter-Keep) |
| | Magistrate Judge Allison H. Goddard<br>Chambers Room 3B, (Schwartz) |
| | Complaint Filed: April 10, 2020<br>Trial Date: June 8, 2023 |
| | **JURY TRIAL DEMANDED** |

Case No. 3:20-cv-00697-DMS-AHG
NAGDEMAN DECL. ISO PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

00223954

I, David Nagdeman, declare as follows:

1. I am an attorney of the law firm Langer, Grogan & Diver P.C. ("LGD"). I am one of the court-appointed Class Counsel pursuant to Federal Rule of Civil Procedure 23(g) in the above-entitled matter. I have personal knowledge of the matters set forth in this declaration or believe them to be true based on facts and events in which I have participated and which otherwise have been made available to me and would be competent to testify as to them.

## I. INTRODUCTION

2. I submit this declaration in support of Plaintiffs' Supplemental Motion for Attorneys' Fees.

3. My colleague and partner at LGD, Irv Ackelsberg, previously submitted declarations in support of Plaintiffs' first motion for attorneys' fees, Dkt. No. 357-14, and the reply in support of that motion, Dkt No. 372-1.

4. Mr. Ackelsberg's averments regarding the case history, the difficulty of the case, the expertise of LGD, the work LGD attorneys did on the case, the lodestars of LGD's attorneys and the justifications therefor, and the reasonableness of the fees requested in that first motion are matters of the record, and I re-aver them so far as they are pertinent to the present motion for fees.

5. I have run a report of time expended by LGD attorneys and paralegals since the prior motion's cutoff of June 21, 2024, through March 7, 2025. This report is taken from time and expense records prepared and maintained by LGD in the ordinary course of business. The time records were prepared daily or shortly thereafter by each attorney or paralegal working on the litigation.

6. I have edited the report to only include hours incurred related to the first fee motion and reply briefing, drafting of the parties' proposed final judgment as requested by the Court, responding to Defendants' Rule 50(b) motion, and the present motion.

7. I have excluded from the report hours incurred related to the appeal in the Ninth Circuit Court of Appeals, including hours spent on materials drafted and submitted to this Court related to said appeal such as the bond stipulation, and mediation with the appointed Ninth Circuit mediator. Also excluded are any hours spent on the state court proceeding, *Hernandez, et al. v. Vervent, Inc., et al.*, Case No. 37-2023-48795-CU-BT-CTL (San Diego Super. Ct.).

8. The schedule below provides a summary of the hours expended by timekeepers from LGD who performed work in this litigation during this period. The schedule includes the name of each person who worked on these limited matters, hourly billing rates, the number of hours expended, and the resulting lodestar.

9. The lodestar calculation is based on the firm's current billing rates. In its order granting Plaintiffs' first motion for attorneys' fees, the Court approved the billing rates set out below. Dkt. No. 385 at 4–6. Nothing has occurred since Plaintiffs' first motion was filed that would justify a reduction in the reasonable hourly rates for the attorneys and paralegals that have accrued hours in the intervening months.

10. I believe the time expended by LGD in this limited work was reasonable and necessary to support the motion for fees, finalize the judgment, and protect the judgment against Defendants' Rule 50 challenge. There has been no unreasonable duplication of services for which LGD and my co-counsel now seek compensation. In the situations in which more than one attorney participated in any matter, the participation was reasonable because of the complexity of the issues involved and the time constrains that existed. I believe tasks were delegated appropriately among senior attorneys, junior attorneys, and paralegals according to their complexity.

11. The total number of hours spent by professional staff at LGD on the action from June 21, 2024 until March 7, 2025 is 51.9 hours for a total lodestar of $27,030. That total lodestar is broken down as detailed in the chart below.

///

///

| Attorney / Paralegal | Hours | Rate | Lodestar |
|---|---|---|---|
| John J. Grogan (Partner) | 11.4 | $950 | $10,830 |
| David A. Nagdeman (Associate) | 18 | $550 | $9,900 |
| Kim Ferrari (Paralegal) | 22.5 | $280 | $6,300 |
| **TOTALS:** | **51.9** | | **$27,030** |

12. I have also run a report breaking these hours out categorically by the briefing the work was related to. A table reflecting that report is below.

| Category | Hours |
|---|---|
| First Fees Motion | 1.5 |
| Proposed Final Judgment | 4.7 |
| Rule 50 Response | 14 |
| Fees Reply | 29.4[1] |
| Fees Notice of Supplemental Authority | .5 |
| Second Fee Motion | 1.8 |
| **TOTALS:** | **51.9** |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on March 12, 2025, at Philadelphia, Pennsylvania.

By:     *s/ David Nagdeman*
        DAVID NAGDEMAN

---

[1] 22.5 of the 29.4 hours accrued by LGD personnel on the Fees Reply were for work performed by paralegal Kim Ferrari in reviewing time records and confirming the exact numbers of hours and lodestar that LGD excluded from the initial fee motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2025.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com