**TROUTMAN PEPPER LOCKE LLP**
Matthew H. Ladner (SBN 284594)
Matthew.ladner@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

**ARENTFOX SCHIFF LLP**
John S. Purcell (SBN 158969)
Douglas E. Hewlett, Jr. (SBN 293438)
john.purcell@afslaw.com
douglas.hewlett@afslaw.com
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendants
VERVENT INC. fka FIRST ASSOCIATES
LOAN SERVICING, LLC; ACTIVATE
FINANCIAL, LLC; DAVID JOHNSON;
and LAURENCE CHIAVARO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TURREY, OLIVER FIETY, JORDAN HERNANDEZ, and JEFFREY SAZON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERVENT, INC. fka FIRST ASSOCIATES LOAN SERVICING, LLC; ACTIVATE FINANCIAL, LLC; DAVID JOHNSON; and LAURENCE CHIAVARO<br><br>Defendants. | Case No. 3:20-CV-00697-DMS (AHG)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES**<br><br>Date.: April 11, 2025<br>Time: 1:30 p.m.<br><br>District Judge Dana M. Sabraw<br>Courtroom 13A, 13th Fl. (Carter-Keep)<br><br>Magistrate Judge Allison H. Goddard<br>Chambers Room 3B, (Schwartz)<br><br>Complaint Filed: April 10, 2020<br>Trial Date: June 8, 2023 |

**TABLE OF CONTENTS**

**Page**

1. The Court Should Reduce Plaintiffs' Supplemental Fees By 20 Percent – The Same Percentage the Court Cut From Plaintiffs' Initial Fee Request ............................................................................................... 1
2. The Court Should Not Award Plaintiffs Fees for Time Spent Reviewing Billing Records That Were Never Filed With the Court ................................ 2
3. Conclusion ........................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**
**Cases**
*Comm'r v. Jean*,
  496 U.S. 154 (1990) ..................................................................................................2

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992) ....................................................................................3

*Harris v. McCarthy*,
  790 F.2d 7§53 (9th Cir. 1986) ....................................................................................2

*McCown v. City of Fontana*,
  565 F.3d 1097 (9th Cir. 2009) ....................................................................................3

*Thompson v. Gomez*,
  45 F.3d 1365 (9th Cir. 1995) ......................................................................................2

**Statutes**

Fed. R. Civ. P. 50(b) ......................................................................................................1

1    Plaintiffs have filed a Supplemental Motion for Attorneys' Fees (the
2  "**Supplemental Motion**") which seeks an additional $76,971 for work allegedly
3  performed in connection with: (i) Plaintiffs' initial Motion for Attorneys' Fees and
4  their related Reply brief; (ii) Plaintiffs' Opposition to Defendants' post-trial Motion
5  under Federal Rule of Civil Procedure 50(b); and (iii) Plaintiffs' preparation of the
6  instant Supplemental Motion. (ECF Nos. 386, 386-1, 386-2, 386-3). As established
7  below, Plaintiffs' request for additional fees is legally and factually excessive and
8  should be reduced by $43,958,40.

### 1. The Court Should Reduce Plaintiffs' Supplemental Fees By 20 Percent – The Same Percentage the Court Cut From Plaintiffs' Initial Fee Request

In ruling on Plaintiffs' initial Motion for Attorneys' Fees, the Court cut Plaintiffs' requested hours by 5 percent due to "general" billing descriptions that "left some gaps" in the record. (ECF No. 385 at p. 10). From there, and "[a]fter considering the level of Plaintiffs' monetary and nonmonetary success as compared to the amount of damages sought" in this case, the Court applied "a 0.85 multiplier to the lodestar" amount, which resulted in a further 15 percent across-the-board reduction in Plaintiffs' claimed fees. (*Id.* at pp. 12-15). As a result of these reductions, the Court awarded Plaintiffs $4,086,227.04 of the $5,061,915 they claimed in their initial Motion, representing an approximate 80 percent recovery. (*Compare* ECF No. 357 at p. 1, *with* ECF No. 385 at p. 1).

Now, in patent disregard of these rulings, Plaintiffs ask the Court to award them 100 cents on the dollar for all of their alleged supplemental fees. But, Plaintiffs' overall degree of success in this litigation has not changed since the Court last addressed the question of attorney's fees, and it makes no sense for Plaintiffs to ask for, let alone actually receive, 100 percent of their requested additional fees. ***To the contrary, the Supreme Court and Ninth Circuit have expressly held that any reduction to a party's initial fee request should carry-through and be applied***

*equally to any subsequent motion for "fees on fees" – that is, fees incurred litigating the issue of attorney's fees*. *See Comm'r v. Jean*, 496 U.S. 154, 163 n. 10 (1990) (district courts must "consider the relationship between the amount of the fee awarded and the results obtained[,]" and thus, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."); *Thompson v. Gomez*, 45 F.3d 1365, 1366, (9th Cir. 1995) (affirming district court's ruling that "plaintiffs could recover fees-on-fees only to the degree that their underlying application for merits fees was successful[,]" and explaining that if "defendants [were required] to pay 100 pennies on the dollar in fees-on-fees for every twelve pennies they successfully trim from merits fees," it would create perverse incentives and outcomes which the law doesn't condone); *Harris v. McCarthy*, 790 F.2d 753, 758-759 (9th Cir. 1986) (affirming district court's order awarding plaintiffs 11.5 percent of their requested "fees on fees," which was the same percentage of underlying "merits fees" that were awarded).

Consistent with this governing law, as well as the prior rulings of this Court with respect to attorney's fees, the Court should reduce Plaintiffs' request for supplemental fees by 20 percent – i.e., by $15,383.40 – which is the same percentage by which Plaintiffs' underlying "merits fees" were reduced.

### 2. The Court Should Not Award Plaintiffs Fees for Time Spent Reviewing Billing Records That Were Never Filed With the Court

Plaintiffs' counsel allegedly spent 88.2 hours preparing the Reply in support of the initial Motion for Attorneys' Fees, and by their own admission, the vast majority of that time was devoted to "reviewing" time-entries and billing records. (ECF No. 386-2 at p. 4:3 and n. 1; ECF No. 386-3 at p. 3:12 and n. 1). Quite literally, this doesn't add-up. 88.2 hours on a ten-page Reply is an eye-watering and dubiously large number, especially where the only additional "evidence" submitted with the Reply was a one-page Declaration stating, in conclusory fashion, that Plaintiffs' attorney exercised "professional judgment" in excluding certain time from the

original fee request. (ECF Nos. 372, 372-1). Worse yet, Plaintiffs have not explained how they can legitimately seek or recover fees for extensively "reviewing" billing records when:

- Plaintiffs did not actually submit any billing records, invoices, time sheets, or other billing documentation in support of their initial Motion for Attorney's Fees or Reply brief; and

- To the extent Plaintiffs' attorneys performed any detailed reviewed of their billing records, they necessarily would have done so prior to filing Plaintiffs' initial Motion – therefore, it is unclear why counsel would have repeated that same work, or only performed that work for the first time, on Reply.

Plaintiffs' Supplemental Motion and related attorney Declarations fail to address these obvious discrepancies, and the Court should exclude all time that Plaintiffs' attorneys spent reviewing time-entries and billing records in connection with Plaintiffs' prior Reply brief. *See McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (courts should exclude hours that are "excessive, redundant, or otherwise unnecessary."); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (the party seeking fees has "the burden of documenting the appropriate hours expended in the litigation").

The Supplemental Motion and related Declarations do not state the amount of fees Plaintiffs incurred with respect to the Reply brief. However, those documents indicate that: (a) upwards of 75 percent of the 88.2 hours billed involved the review of billing records; and (b) this "review" work was overwhelmingly performed by a paralegal at Langer, Grogan & Diver PC (Ms. Ferrari who billed at $280 per hour) and an associate at Blood Hurst & O'Reardon LLP (Mr. Davis who billed at $500 per hour). (ECF No. 386-2 at pp. 2-3 and n. 1 (showing 58.8 hours billed to the Reply by the Blood firm, and admitting that "[a] significant portion of these hours were spent by [Mr. Davis] reviewing" his firm's "time entries"), ECF No. 386-3 (showing

29.4 hours billed to the Reply by the Langer firm, and admitting that 22.5 of these hours "were for work performed by" Ms. Ferrari "in reviewing time records")). Because it appears that at least 75 percent of each firm's time on the Reply was related to the non-compensable review of billing records, the Court should reduce Plaintiffs' supplemental fees by another $28,575, representing $6,300 of Ms. Ferrari's time, and $22,275 of Mr. Davis's time, related to the Reply.

### 3. Conclusion

For the foregoing reasons, the Court should reduce Plaintiffs' supplemental fees by $43,958,40, which consists of:

1. a 20 percent across-the-board reduction, consistent with the Court's ruling in connection with Plaintiffs' initial Motion for Attorneys' Fees; and

2. the exclusion of time spent reviewing time-entries and billing records in connection with Plaintiffs' Reply in support of their initial Motion.

Dated:  March 27, 2025                    TROUTMAN PEPPER LOCKE LLP

By: /s/Matthew H. Ladner
  Matthew H. Ladner

Attorney for Defendants VERVENT, INC., ACTIVATE FINANCIAL, LLC, DAVID JOHNSON, and LAURENCE CHIAVARO