# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

HEATHER TURRY, et al.,

                     Plaintiffs,

   v.

VERVENT, INC., etc., et al.

                 Defendants.

Case No.:  20-cv-697-DMS-AHG

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

Pending before the Court is Plaintiffs' supplemental motion for attorneys' fees. (Supplemental Motion, ECF No. 386).  Defendants filed a response in opposition, (Opp'n, ECF No. 389), and Plaintiffs filed a reply.  (Reply, ECF No. 394).  The matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF No. 395).  For the reasons discussed below, the Court finds that Plaintiffs are entitled to **$76,971** in attorneys' fees.

## I.    BACKGROUND

The background of this case has been summarized in numerous prior orders.  (ECF Nos. 128, 140, 151, 180, 384, 385).  After receiving a favorable jury verdict on their RICO claim in this consumer class action, Plaintiffs moved for attorneys' fees, costs, and service

1

awards. At approximately the same time, Defendants moved for judgment as a matter of law under Rule 50(b). The Court denied Defendants' Rule 50(b) motion and granted in part Plaintiffs' attorneys' fees motion. (Initial Fees Order, ECF No. 385). Plaintiffs now file a Supplemental Motion to recover additional attorneys' fees incurred for opposing Defendants' Rule 50(b) motion and filing the initial attorneys' fees motion, the present motion, and all other briefings and filings related to the fees motions. (Supplemental Motion, at 2).

As the Court previously held in the Initial Fees Order, Plaintiffs are entitled to reasonable attorneys' fees under RICO for their successful prosecution. *See* Initial Fees Order, at 3; *Valadez v. Aguallo*, No. C-08-03100 JW, 2009 WL 10680866, at *4 (N.D. Cal. Dec. 10, 2009), *aff'd*, 433 Fed. App'x 536 (9th Cir. 2011)). Additionally, "time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (citation omitted). Accordingly, Plaintiffs are entitled to recover reasonable attorneys' fees for work performed in opposing Defendants' Rule 50(b) motion and filing motions for recovery of fees and costs. Thus, the only debate now is over the amount of Plaintiffs' additional fees.

## II.     DISCUSSION

"Under the lodestar method, the district court 'multiplies the number of hours the prevailing party reasonably spent on litigation by a reasonable hourly rate to determine a presumptively reasonable fee award.'" *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022) (quoting *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir. 2021)). After the initial lodestar calculation, the court may apply upward or downward adjustments "to account for factors such as 'the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *Id.* (quoting *Kim*, 8 F.4th at 1180–81).

### A. Reasonable Hourly Rate

Plaintiffs' counsel Blood Hurst & O'Reardon, LLP ("BHO") and Langer, Grogan & Diver P.C. ("LGD") request hourly rates that are identical to the rates they requested in

their initial fees motion. Davis Decl., ECF No. 386-2 ¶ 10; Nagdeman Decl., ECF No. 386-3 ¶ 12. Defendants do not dispute the reasonableness of these rates. *See generally* Opp'n. Accordingly, the Court incorporates its reasoning as to the reasonableness of counsels' hourly rates from its previous order and finds the requested rates are reasonable. *See* Initial Fees Order, 4–6.

### B. Reasonable Number of Hours Expended

"In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Plaintiffs "bear[] the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Defendants bear the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.* at 1397–98.

Plaintiffs request a collective lodestar based on 142.85 hours. Davis Decl. ¶ 10; Nagdeman Decl. ¶ 12. Counsel attest that these hours were reasonably incurred and represent only time spent on briefing the initial and present fee motions, preparing the opposition to Defendants' Rule 50(b) motion, and drafting Plaintiffs' proposed final judgment. *See* Davis Decl. ¶ 5; Nagdeman Decl. ¶ 6. The distribution of hours is as follows:

| Category | LGD Hours | BHO Hours |
|---|---|---|
| Initial Attorneys' Fees Motion | 8.75 | 1.5 |
| Initial Fees Reply Brief | 58.8 | 29.4 |
| Notice of Supplemental Authority re Attorneys' Fees | 1.7 | 0.5 |
| Proposed Final Judgment | 3.5 | 4.7 |

3

| Rule 50(b) Opposition | 12.5 | 14 |
| Supplemental Fee Motion | 5.7 | 1.8 |
| **Total:** | **90.95** | **51.9** |

### 1. Sufficient Documentation

In the Initial Fees Order, the Court applied a 5% reduction to the fees award to reflect "gaps in an otherwise satisfactory record" to the amount of fees requested. (Initial Fees Order, at 10–11). Defendants suggest those gaps still exist and a commensurate reduction is warranted here. (Opp'n, at 4–5) (arguing the Court should reduce Plaintiffs' supplemental fees request by the "same percentage by which Plaintiffs' underlying 'merits fees' were reduced"). Plaintiffs' counsel disagree, noting that they have "describe[d] precisely which fees they exclude[,]" and that the fees requested "relate exclusively to Plaintiffs' successful RICO claim, and not [Plaintiffs' unsuccessful claims]." (Supplemental Motion, at 7).

The Court agrees with Plaintiffs that a 5% reduction is not warranted on the present motion. Plaintiffs' initial fees request was supported only by general descriptions of what hours were not billed, and summarized in Plaintiffs' voluntary 11% reduction of fees. (Initial Fees Order, at 10). In contrast, the present motion carefully details the number of hours spent by counsel on tasks relating to the fees motions and opposing Defendants' Rule 50(b) motion. *See* Davis Decl. ¶ 10; Nagdeman Decl. ¶ 12. Accordingly, the Court declines to reduce the fees requested here on this ground.

### 2. Time Spent Reviewing Billing Entries for Initial Fees Reply Brief

Defendants next argue the Court should exclude time spent reviewing time entries and billing records for preparing the initial fees reply brief.[1] (Opp'n, at 5–7). Plaintiffs disagree and argue that the time entry review was necessary to "prepare BHO's time

---

[1] Most of the hours billed towards reviewing time entries and billing records were logged by BHO attorney Jim Davis and LGD paralegal Kim Ferrari. Davis Decl., at 4 n.1; Nagdeman Decl., at 5 n.1.

entries . . . for submission if ordered by this court, (Davis Decl., at 4 n.1), and to "confirm[] the exact numbers of hours and lodestar that LGD excluded from the initial fee motion." Nagdeman Decl., at 5 n.1.

"[A] prevailing . . . plaintiff is entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery of . . . damages." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Thus, it may be reasonable for a court to award attorney's fees for work that was never filed "as long as the work is 'useful' or a task 'of a type ordinarily necessary' to secure the final result." *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 13-cv-00167-APG-PAL, 2018 WL 4409367, at *5 (D. Nev. Sept. 17, 2018) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986)).

Plaintiffs' proffer for re-reviewing time entries and billing records justifies the fees-on-fees request. Preparing time entries for potential submission to this Court was a "useful" or "ordinarily necessary" task for Plaintiffs' initial fees motion because many courts, including this Court, have requested such records where the circumstances of a particular case warrant such review. *See, e.g.*, ECF No. 370, at 15 (collecting cases); *Aispuro v. Ford Motor Co.*, No. 18-CV-2045 DMS (KSC), 2020 WL 4582677, at *6 (S.D. Cal. Aug. 10, 2020); *Spangler v. Nat'l College of Tech. Instruction*, No. 14-cv-3005 DMS (RBB), 2018 WL 846930, at *3 (S.D. Cal. Jan. 5, 2018). That this Court issued its Initial Fees Order without requesting line-by-line billing records does not undercut the reasonableness of Plaintiffs' efforts on the present motion.

Accordingly, the Court declines to omit time spent reviewing time entries and billing records. The Court further finds that Plaintiffs' counsel reasonably devoted 142.85 hours to the tasks identified in the present motion. The resulting lodestar calculation based on the foregoing discussion is **$76,971**, calculated as follows:

| Fees Motion | | | |
|---|---|---|---|
| **BHO** | | | |
| **Individual** | **Hours** | **Rate** | **Total** |
| Timothy G. Blood | 9.55 | $960 | $9,168 |
| Leslie Hurst | .2 | $810 | $162 |
| James M. Davis | 53.2 | $500 | $26,600 |
| Dafne Maytorena | 11.95 | $280 | $3,346 |
| **LGD** | | | |
| John Grogan | 5 | $950 | $4,750 |
| David Nagdeman | 5.7 | $550 | $3,135 |
| Kim Ferrari | 22.5 | $280 | $6,300 |
| **Rule 50(b) Opposition and Proposed Final Judgment** | | | |
| **BHO** | | | |
| **Individual** | **Hours** | **Rate** | **Total** |
| Timothy G. Blood | 3.5 | $960 | $3,360 |
| Leslie Hurst | 3.5 | $810 | $2,835 |
| James M. Davis | 8.8 | $500 | $4,400 |
| Dafne Maytorena | .25 | $280 | $70 |
| **LGD** | | | |
| John Grogan | 6.4 | $950 | $6,080 |
| David Nagdeman | 12.3 | $550 | $6,765 |
| Kim Ferrari | 0 | $280 | $0 |
| **Total** | **142.85** | | **$76,971** |

6

20-cv-697-DMS-AHG

**D. Adjustments to the Lodestar**

As discussed in the Court's Initial Fees Order, the lodestar is presumptively reasonable.  (Initial Fees Motion, at 12).  However, the Court may adjust the lodestar by an appropriate multiplier "reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)) (internal quotations omitted).  Of these factors, "a party's success in the litigation is the 'most critical.'"  *Id.* (quoting *Hensley*, 461 U.S. at 436). "[W]here the plaintiff has achieved 'only limited success,' counting *all* hours expended on the litigation—even those reasonably spent—may produce an 'excessive amount.'" *In re Bluetooth*, 654 F.3d at 942 (quoting *Hensley*, 461 U.S. at 436).

A district court may "reduce the fees-on-fees requested without providing an additional explanation for its actions . . . [when] it already has provided a 'concise but clear explanation of its reasons for the [merits] fee award' and that same explanation underlies and supports the decision to award fee-on-fees in the same (or, as here, about the same) percentage." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995). However, a district court may also renew its adjustment analysis for fees-on-fees litigation. *See Atkins v. Apfel*, 154 F.3d 986, 990 (9th Cir. 1998) (noting "*Hensley*'s results obtained analysis applies to such [fees-on-fees] as well and that 'fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation'" (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1998)).

The Court adjusted the lodestar by 15% in its Initial Fees Order to reflect Plaintiffs' degree of success.  (Initial Fees Order, at 15).  Defendants argue the Court should adjust the present lodestar by the same amount.  (Opp'n, at 2).  Plaintiffs argue that reapplication of the Initial Fees Order lodestar multiplier is inappropriate because the present motion only seeks fees incurred for Plaintiffs' successful opposition to Defendants' Rule 50(b) motion and prosecution of the RICO claim.  (Supplemental Motion, at 3).

Regarding Defendants' Rule 50(b) motion, Plaintiffs' opposition brief focused solely on defeating Defendants' motion (which they did) and preserving their RICO verdict. The Court declines to adjust the lodestar for time billed to oppose Defendants' Rule 50(b) motion under those circumstances. Regarding the RICO prosecution, the initial merits fees request was reduced because the RICO claim was the only claim of five closely related claims on which Plaintiffs prevailed. (Initial Fees Order, at 12–14). In contrast, the fees-on-fees request here is based only on the successful RICO prosecution. Accordingly, the Court declines to adjust the lodestar on the present motion.

### III.    CONCLUSION

For these reasons, Plaintiffs are awarded **$76,971** in attorneys' fees.

**IT IS SO ORDERED.**

Dated:  May 9, 2025

Hon. Dana M. Sabraw
United States District Judge

20-cv-697-DMS-AHG