**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEATHER TURREY, et al.,<br>Plaintiffs,<br>v.<br>VERVENT, INC., etc., et al.,<br>Defendants. | Case No. 3:20-cv-00697-DMS-AHG<br>**ORDER GRANTING PLAINTIFFS-APPELLEES' UNOPPOSED MOTION FOR ATTORNEY FEES AND NON-TAXED EXPENSES ON APPEAL**<br>[ECF Nos. 405, 407.] |

## I. BACKGROUND

After years of extensive litigation, Plaintiffs won a $4 million jury verdict on their class action RICO claim, which was trebled to $12 million. (J. 1–4, ECF No. 360.) On appeal, the Ninth Circuit affirmed the judgment in full. *See Turrey v. Vervent, Inc.*, 186 F.4th 1088 (9th Cir. 2026). Having prevailed, Plaintiffs are entitled to reasonable attorneys' fees and costs. *See* 18 U.S.C. § 1964(c) (establishing that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter" is entitled to recover "threefold the damages he sustains and the

cost of the suit, including a reasonable attorney's fee"); *Valadez v. Aguallo*, No. C-08-03100 JW, 2009 WL 10680866, at *4 (N.D. Cal. Dec. 10, 2009) ("[A]n award of reasonable attorney's fees and costs under RICO is mandatory." (citation omitted)), *aff'd*, 433 F. App'x 536 (9th Cir. 2011). Plaintiffs now seek, and Defendants do not contest, $535,000 in attorneys' fees and non-taxed expenses incurred on appeal.[1] (*See* Joint Notice, ECF No. 407.)[2]

## II. DISCUSSION

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed.R.Civ.P. 23(h), courts have an independent obligation to ensure that the award . . . is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Here, the 701.55 hours spent by Plaintiffs' counsel on appeal are reasonable given the complex procedural and substantive arguments raised on appeal, the preparation needed for oral argument before the Ninth Circuit, and the complete success achieved. (*See* Pls.' Mot. 7–13, ECF No. 405-1.) *See also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Plaintiffs' counsel seeks partner rates from $710 to $960, associate rates from $500 to $550, and paralegal rates of $280. (Pls.' Mot. 6; Blood Decl. ¶ 27, ECF No. 405-1.) The Court previously found these rates reasonable, citing comparable "past hourly rates approved in this district." (Order 4–5, ECF No. 385.) Defendants have not contested the reasonableness of the rates sought, and nothing in the record warrants disturbing that finding.

Multiplying "the number of hours the prevailing party reasonably spent on

---

[1] Plaintiffs initially sought $676,905 in fees and reduced the request after meeting and conferring. (Joint Notice 1.)

[2] Copies of the Motion and the Joint Notice are posted to the class website, and the Court has not been notified of any class member objections to the fees sought. *See Aliff v. Vervent, Inc. – Documents*, https://peaksstudentloanclaims.com/Home/Documents (last visited Oct. 7, 2026).

litigation by a reasonable hourly rate," Plaintiffs calculated a lodestar figure of $451,270, which represents "a presumptively reasonable fee award." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022) (citation omitted). The $535,000 award exceeds the lodestar by roughly 19 percent. That difference reasonably compensates for delay in payment, as counsel calculated the lodestar at their 2023 rates although most of the appellate work occurred after those rates increased. (Blood Decl. ¶ 19; Grogan Decl. ¶ 19, ECF No. 405-1.) *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010) (compensation for delay in payment of fees is generally made "either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value" (quoting *Missouri v. Jenkins*, 491 U.S. 274, 282 (1989))).

## III. CONCLUSION

Accordingly, Plaintiffs' Motion for Attorney Fees and Non-Taxed Expenses on Appeal (ECF No. 405), as modified by the parties' Joint Notice (ECF No. 407), is hereby **GRANTED**. Plaintiffs are awarded $535,000 in attorneys' fees and non-taxed expenses incurred on appeal, payable by Defendants Vervent, Inc., Activate Financial, LLC, and David Johnson. The hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

DATED: October 7, 2026

HONORABLE DANA M. SABRAW
UNITED STATES DISTRICT JUDGE